MARIE M. MOFFAT, State Bar No. 62167
LAWRENCE C. YEE, State Bar No. 84208
MARK TORRES-GIL, State Bar No. 91597
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105
Telephone: (415) 538-2339
Facsimile: (415) 538-2321

Counsel for The State Bar of California,
Hon. Patrice McElroy, Tammy Albertsen-Murray, Alice Verstegen

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PADAM KUMAR KHANNA | Case No. C07-02587-EMC |
| Plaintiff, | THE STATE BAR DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| v. | |
| THE STATE BAR OF CALIFORNIA, et al. | |
| Defendants. | DATE:          August 1, 2007<br>TIME:          10:30 a.m.<br>PLACE:        Courtroom C<br>                    Hon. Edward M. Chen |

TO:     PADAM KUMAR KHANNA IN PRO SE

        PLEASE TAKE NOTICE that on August 1, 2007, at 10:30 a.m. in the courtroom of the

Honorable Edward M. Chen, being Courtroom C, 15th Floor, at 450 Golden Gate Avenue, San

Francisco, California 94102, counsel for defendants The State Bar of California, Hon. Patrice

McElroy, Tammy Albertsen-Murray, and Alice Verstegen ("State Bar defendants"), will and hereby

do, move the Court for an order under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to

dismiss plaintiff's complaint.

        The State Bar defendants will move to dismiss this action on the grounds that this Court

lacks subject-matter jurisdiction pursuant to Eleventh Amendment immunity and the Rooker-

Feldman doctrine.  The State Bar defendants will further move to dismiss this action based on res

judicata and collateral estoppel grounds, judicial immunity, and failure to state a claim under section

1    1983.

2          The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points

3    and Authorities in support thereof and filed herewith, all pleadings in this action, and any other

4    documents that are now on file or that may be on file in this action at the time of hearing; and such

5    further evidence and arguments as may be presented at the time of hearing.

6                                    <u>MOTION TO DISMISS</u>

7    State Bar defendants move to dismiss the Complaint on the following specific grounds:

8          1.      Plaintiff's claims are jurisdictionally barred by the Eleventh Amendment;

9          2.      Plaintiff's claims related to his first disciplinary proceeding are jurisdictionally barred

10                 under the <u>Rooker-Feldman</u> doctrine;

11         3.      Plaintiff's claims are barred by res judicata and collateral estoppel;

12         4.      The State Bar defendants are entitled to judicial immunity; and,

13         5.      Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983.

14         **WHEREFORE**, the State Bar defendants pray as follows:

15         1.      That the Complaint and each claim for relief alleged therein be dismissed against the

16                 State Bar defendants without leave to amend;

17         2.      That Plaintiff take nothing and judgment be entered in favor of the State Bar

18                 defendants; and

19         4.      For such other relief as this Court deems just.

20   DATED: June 19, 2007                    Respectfully submitted,

21                                           MARIE M. MOFFAT
                                             LAWRENCE C. YEE
22                                           MARK TORRES-GIL

23
                                             By:_____s/Mark Torres-Gil_____
24                                                        Mark Torres-Gil

25                                           Counsel for Defendants:
                                             The State Bar of California, Hon. Patrice McElroy,
26                                           Tammy Albertsen-Murray, and Alice Verstegen

27

28

---

# TABLE OF CONTENTS

**Pages**

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       A.    Nature Of The State Bar Of California . . . . . . . . . . . . . . . . . . . . . . . . . 2

       B.    Hon. Patrice McElroy, Tammy Albertsen-Murray And Alice Verstegen . . . . . . . . . 3

       C.    State Bar Disciplinary Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       A.    Under FRCP Rule 12(b)(1), Khanna's Complaint Should Be
             Dismissed For Lack Of Subject Matter Jurisdiction . . . . . . . . . . . . . . . . . . . . 5

             1.    The Eleventh Amendment Bar's Khanna's Suit . . . . . . . . . . . . . . . . . . 5

                   a.    The Eleventh Amendment Bars All Claims
                         Against the State Bar . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

                   b.    The Eleventh Amendment Bars Khanna's Claims
                         Against the Individually Named State Bar Defendants
                         Acting in Their Official Capacities . . . . . . . . . . . . . . . . . . . . . 6

             2.    Plaintiff's Claims Related to His Disciplinary Proceeding Are
                   Jurisdictionally Barred under the Rooker-Feldman Doctrine . . . . . . . . . . . 6

                   a.    Under Rooker-Feldman, Federal Courts Lack
                         Subject-Matter Jurisdiction Over Challenges to
                         State Court Orders . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

                   b.    Rooker-Feldman Applies to Attorney Regulatory Matters . . . . . . . 7

                   c.    Rooker-Feldman Bars Khanna's Claims . . . . . . . . . . . . . . . . . . . . 9

                         i.    State Bar suspension proceedings are judicial . . . . . . . . . . . 9

                         ii.   Khanna is challenging **his** treatment, not the
                               system generally . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

       B.    Under FRCP Rule 12(b)(6), Khanna's Complaint Should Be Dismissed
             For Failure To State A Claim Upon Which Relief Can Be Granted . . . . . . . . . . . 11

             1.    Legal Standard for Motion to Dismiss . . . . . . . . . . . . . . . . . . . . . . . . . 11

             2.    Khanna's Claims Are Barred under Res Judicata and
                   Collateral Estoppel Grounds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

             3.    The State Bar Defendants Are Entitled to Judicial Immunity . . . . . . . . . . 13

             4.    Khanna Fails to State a Claim under Section 1983 Against
                   the State Bar Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

1

## <u>TABLE OF CONTENTS</u>

<u>Pages</u>

2

a.    The State Bar Defendants Are Not Persons Under

3    Section 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

4    b.    Khanna Fails to Establish a Federal Deprivation . . . . . . . . . . . . . .  15

5    IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Pages**

## Federal Cases

Allen v. McCurry,
    449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11,12

American Mfrs. Mut. Ins. Co. v. Sullivan,
    526 U.S. 40, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Armstrong v. Manzo,
    380 U.S. 545, 66 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Boykin v. Bloomsburg Univ. of Penn.,
    893 F.Supp. 378 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Cahill v. Liberty Mutual Ins. Co.,
    80 F.3d 336 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Chappell v. Robbins,
    73 F.3d 918 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Clark v. State of Washington,
    366 F.2d 678 (9th Cir. 1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Conley v. Gibson,
    355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Craig v. State Bar of California,
    141 F.3d 1353 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Dash, Inc. v. Alcoholic Beverage Control Beverage Control Appeals Bd.,
    683 F.2d. 1129 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

District of Columbia Court of Appeals v. Feldman,
    460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) . . . . . . . . . . . . . . . . . . . . 7,8,9,10,13

Edelman v. Jordan,
    415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Evitts v. Lucey,
    469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Exxon Mobil Corp. v. Saudi Basic Industries Corp.,
    544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9

Giannini v. Real,
    911 F.2d 354 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Hafer v. Melo,
    502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Harvey v. Waldron,
    210 F.3d 1008 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Pages</u>

3   Hirsh v. Justices of the Supreme Court of California et al.,
        67 F.3d 708 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,5,9, 13-14,15
4
    Karim-Pahani v. Los Angeles Police Dep't.,
5        839 F.2d 621 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

6   Konigsberg v. State Bar of California,
        353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3
7
    Levanti v. Tippen,
8        585 F.Supp. 499 (S.D. Cal. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

9   Levine v. Diamanthuset, Inc.,
        950 F.2d 1478, 1482 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11
10
    Lupert v. California State Bar,
11       761 F.2d 1325 (9th Cir. 1985), <u>cert.</u> <u>denied</u>, 474 U.S. 916, 106 S.Ct. 241,
         88 L.Ed.2d 251 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5
12
    MacKay v. Nesbett,
13       412 F.2d 846 (9th Cir. 1969)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

14  Mathews v. Eldridge,
        424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17
15
    Middlesex County Ethics Comm. v. Garden State Bar Ass'n.,
16       457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . 7,9

17  Migra v. Warren City School District Board of Education,
        465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12
18
    Miller v. Rykoff-Sexton, Inc.,
19       845 F.2d 209 (9th Cir. 1998)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

20  Mireles v. Waco,
        502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14
21
    Missouri v. Fiske,
22       290 U.S. 18, 27, 54 S.Ct. 18, 78 L.Ed. 145 (1933) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

23  Mothershed v. Justices of Supreme Court,
        410 F.3d 602 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,0
24
    Noel v. Hall,
25       341 F.3d 1148 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

26  Nunes v. Ashcroft,
        348 F.3d 815 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18
27
    Partington v. Gedan,
28       880 F.2d 116 (9th Cir.1989)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

# TABLE OF AUTHORITIES

**Pages**

Pauley v. United States,
    419 F.2d 1061 (7th Cir. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

Pena v. Gardner,
    976 F.2d 469 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Pennhurst State School & Hospital v. Halderman,
    465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6

Peterson v. Jensen,
    371 F.3d 1199 (10th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Pulliam v. Allen,
    466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

Rooker v. Fidelity Trust Co.,
    263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

Rosenthal v. Justices of the Supreme Court of California,
    910 F.2d 561 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,10-11,15,17,18

Saul v. United States,
    928 F.2d 829 (9thCir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

Seaborn v. State of Florida, Dept. of Corrections,
    143 F.3d 1405 (11th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Takahashi v. Board of Trustees of Livingston,
    783 F.2d 848 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

United States v. Taren-Palma,
    997 F.2d 525 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

United States v. Von Stoll,
    726 F.2d 584 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

Western Mining Council v. Watt,
    643 F.2d 618 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Will v. Michigan Dept. State Police,
    491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

## State Cases

In re Attorney Discipline System,
    19 Cal.4th 582, 79 Cal.Rptr.2d 836 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Eichman v. Fotomat Corp.,
    147 Cal.App.3d 1170, 197 Cal.Rptr. 612 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

Garcia v. Superior Court,
    50 Cal.3d 728, 268 Cal.Rptr. 779 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>**Pages**</u>

3

<u>Geibel v. State Bar,</u>
    14 Cal.2d 144, 93 P.2d 97 (1939) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

4

<u>Henry v. Clifford,</u>
    32 Cal.App.4th 315, 38 Cal.Rptr.2d 116 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

5

6

<u>In Re Matter of Investigation of Conduct of The Examination for Admission to</u>
<u>The Practice of Law</u>
    1 Cal.2d 61, 33 P.2d 829 (1934) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

7

8

<u>In re Rose,</u>
    22 Cal.4th 430, 93 Cal.Rptr.2d 298 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2,13

9

<u>Takahashi v. Board of Ed. of Livingston Union School Dist.,</u>
    202 Cal.App.3d 1464, 249 Cal.Rptr. 578 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11,12

10

11

<u>Walker v. State Bar,</u>
    49 Cal.3d 1107, 264 Cal.Rptr. 825 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

12

## <u>Constitutions</u>

13

California Constitution
    Article VI, Section 9  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

14

15

## <u>Rules</u>

16

California Rules of Court
    Rule 9.12  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
    Rule 9.13  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3
    Rule 9.13(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
    Rule 9.16(b)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

17

18

Federal Rules of Civil Procedure
    Rule 12(b)(1)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5
    Rule 12(b)(6)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11,16

19

20

Rules of Procedure of the State Bar of California
    Rule 220(c)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3,17
    Rule 300 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

21

22

23

## <u>Statutes</u>

24

California Business and Professions Code
    Section 6001  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
    Section 6007, subdivision (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10
    Section 6007, subdivision (c)(4)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3,17

25

26

United States Code
    Title 28, Section 1257  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6
    Title 28, Section 1291  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6
    Title 28, Section 1331  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6
    Title 42, Section 1983  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1,14,15

27

28

# TABLE OF AUTHORITIES

**Pages**

United States Code (cont'd)
    Title 42, Section 1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    Title 42, Section 1985(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## Legislative Materials

Federal Courts Improvement Act (Pub. L. No. 104-317, October 19, 1996,
110 Stat 3847) Section 309 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Under a final disciplinary decision and order of the California Supreme Court, effective July 21, 2006, plaintiff, Padam Kumar Khanna ("Khanna"), a licensed California attorney, was disbarred from the practice of law.

Khanna has now filed the instant federal action against The State Bar of California, its employees--Tammy Albertsen-Murray and Alice Verstegen–and State Bar Court Judge Patrice McElroy (the "State Bar defendants"), claiming violations of 42 U.S.C. section 1983.  His Complaint consists of six counts of wrongdoing against the State Bar defendants, including: (1) violation of the Fifth Amendment to the United States Constitution; (2) violation of the Fourteenth Amendment (due process); (3) conspiracy to violate civil rights; (4) violation of the Fourteenth Amendment (equal protection); (5) perjury; and, (6) violation of the Sixth Amendment (right to counsel).  These claims are virtually identical to those matters  previously raised by Khanna in his petition for review to the California Supreme Court, which have already been adjudicated and dismissed by that court.

The State Bar defendants herein request dismissal of Khanna's federal Complaint without leave to amend.  The Eleventh Amendment bars all claims against the State Bar, as well as all money damages claims against individual defendants sued in their official capacities.  Khanna's claims are also barred by the Rooker-Feldman doctrine to the extent that he would have this Court engage in an improper review of the California Supreme Court's determinations in his disciplinary proceeding.  Furthermore, Khanna's federal claims are also barred by the doctrine of judicial immunity.  Moreover, because all of his claims appear to be based on the same alleged wrongdoing and injury, which was unsuccessfully litigated in the California Supreme Court in his underlying disciplinary proceeding, his claims are precluded by res judicata and collateral estoppel.  Finally, Khanna fails to state a claim for relief under 42 U.S.C. section 1983 because he is unable to allege any cognizable federal deprivation and because the State Bar defendants are not "persons" subject to suit under the statute.

/ / /

1   / / /

2                              **II.  BACKGROUND**

3   **A.      Nature Of The State Bar Of California**

4           The State Bar of California is a constitutional entity, established by Article VI, section 9 of

5   the California Constitution, and expressly acknowledged as an integral part of the judicial function.

6   See Cal. Const., art. VI, § 9; Cal. Bus. & Prof. Code, § 6001; In re Rose, 22 Cal.4th 430, 438, 93

7   Cal.Rptr.2d 298 (2000).  It is a public corporation created as an administrative arm of the California

8   Supreme Court for the purpose of assisting in matters of admission and discipline of attorneys.  See

9   In re Attorney Discipline System, 19 Cal.4th 582, 598-99, 79 Cal.Rptr.2d 836 (1998); see also

10  Rosenthal v. Justices of the Supreme Court of California, 910 F.2d 561, 566 (9th Cir. 1990).  The

11  State Bar is not an ordinary administrative agency; it is sui generis.  In re Attorney Discipline

12  System, 19 Cal.4th at 600.  Although the State Bar conducts its disciplinary proceedings under

13  statutory authority, it is well-established that the California Supreme Court retains inherent power to

14  control all matters related to attorney discipline.  Id.

15          Attorneys subject to disciplinary proceedings are afforded constitutionally sufficient

16  procedural due process.  Rosenthal, 910 F.2d at 564-65; See Hirsh v. Justices of the Supreme Court

17  of California et al., 67 F.3d 708, 713 (9th Cir. 1995) (California's disciplinary procedures provide

18  adequate opportunity for judicial review of federal claims).  The State Bar Court, which

19  independently determines matters of attorney discipline, includes a Hearing Department, which

20  conducts formal trial proceedings, and a Review Department, which functions as an appellate body

21  in independently reviewing determinations of the Hearing Department on a de novo basis.  Cal.

22  Rules of Ct., rule 9.12; State Bar Procedural Rules, rule 300, et seq.  The State Bar Court decisions

23  are only recommendations to the California Supreme Court, which undertakes an independent

24  determination as to whether the attorney should be disciplined as recommended.  In re Rose, 22

25  Cal.4th at 439.  Under California Rule of Court 9.13(a), an attorney who desires to have the

26  California Supreme Court review his discipline recommendation of disbarment or suspension may

27  petition the Court for review within 60 days from the date a certified copy of the decision

28  complained of was filed with the Court.  Denial of review of a decision of the State Bar Court has

---

1   been expressly made a final judicial determination on the merits in the rules adopted by the Supreme

2   Court.  Konigsberg v. State Bar of California, 353 U.S. 252, 254-58, 77 S.Ct. 722, 1 L.Ed.2d 810

3   (1957); In re Rose, 22 Cal.4th at 443-45; Geibel v. State Bar, 14 Cal.2d 144, 147-48, 93 P.2d 97

4   (1939); Cal. Rules of Ct., rules 9.13 and 9.16(b).

5   **B.**   **Hon. Patrice McElroy, Tammy Albertsen-Murray And Alice Verstegen**

6        The Honorable Patrice McElroy was the Hearing Department judge assigned to plaintiff's

7   disciplinary proceeding.  Tammy Albertsen-Murray was the prosecuting attorney in plaintiff's

8   disciplinary proceeding before the State Bar Court and Alice Verstegen was a State Bar investigator

9   assigned to plaintiff's disciplinary matter.

10  **C.**   **State Bar Disciplinary Proceeding**

11       In Khanna's attorney disciplinary matter (State Bar Court Case No.02-O-11383-PEM), he

12  was charged with multiple acts of misconduct, including acts of moral turpitude. These charges

13  included: (1) failing to comply with certain requirements concerning adverse interests; (2)

14  misappropriating a client's investment funds; (3) failing to return client files; (4) failing to render an

15  accounting; (5) misrepresenting to the State Bar regarding the disposition of client funds and about

16  client files; and (6) failing to cooperate in the State Bar investigation.  **See State Bar's Request for**

17  **Judicial Notice, Exhibit A, p. 1**.  On October 21, 2004, the Hearing Department of the State Bar

18  Court filed its Decision recommending that Khanna be disbarred from the practice of law and that he

19  be transferred to involuntary inactive enrollment status pursuant to California Business and

20  Professions Code section 6007, subdivision (c)(4) and rule 220(c) of the Rules of Procedure of the

21  State Bar of California.[1]  **See State Bar's Request for Judicial Notice, Exhibit A, p. 25.**

22  _____

23       [1] California Business and Professions Code, section 6007(c)(4) provides as follows:

24           The board shall order the involuntary inactive enrollment of an attorney upon the filling
             of a recommendation of disbarment after hearing or default. For purposes of this section,

25           that attorney shall be placed on involuntary inactive enrolment regardless of the
             membership status of the attorney at the time.

26       Rules of Procedure of the State Bar of California, Rule 220(c) provides as follows:

27           If the Court recommends disbarment, it shall also include in its decision an order that the
             respondent be enrolled as an inactive member pursuant to Business and Professions Code

28           6007, subdivision (c)(4). The order of inactive enrollment shall be effective upon

---

1    In November 2004, Khanna filed a request for review of the Hearing Department's Decision

2  in the Review Department of the State Bar Court.  **See State Bar Defendants' Request for Judicial**

3  **Notice, Exhibit B.** On June 2, 2005, the Review Department issued an order remanding the matter

4  to the Hearing Department for the limited purpose of re-taking the testimony of a witness that was

5  missing from the trial audio-tape. **See State Bar Defendants' Request for Judicial Notice, Exhibit**

6  **C**. The hearing to re-take the missing portion of the testimony was held on August 3, 2005.

7  Subsequently, the Review Department ordered Khanna to file his opening brief in the Review

8  Department within 45 days from its Order filed November 14, 2005. **See State Bar Defendants'**

9  **Request for Judicial Notice, Exhibit D.**[2]  In December 2005, Khanna filed a notice to withdraw his

10  request for review in the Review Department of the State Bar Court and also requested that the

11  Review Department adopt the Hearing Department's Decision as the final decision of the State Bar

12  Court.  **See State Bar Defendants' Request for Judicial Notice, Exhibit G.**

13    In April 2006, Khanna filed a "Petition for Writ of Review and Emergency Request for Stay

14  of Hearing Department's State Bar Court Order of Involuntary Inactive Enrollment Dated: October

15  21, 2004" in the California Supreme Court.  **See State Bar Defendants' Request for Judicial**

16  **Notice, Exhibit H**.  Khanna's petition alleged various acts of prosecutorial misconduct including

17  perjury and witness tampering, denial of his right to counsel, delay, insufficient notice of the charges

18  against him, evidence tampering in connection with portions of testimony missing from the audio

19  recording of the proceedings.  On June 21, 2006, the California Supreme Court denied Khanna's

20  petition.  **See State Bar Defendants' Request for Judicial Notice, Exhibit I**.

21    Khanna has now filed the instant Complaint with this Court, in which he alleges identical

22  claims as he did before the California Supreme Court.  Specifically, Khanna again claims due

23  _____

24    personal service or three (3) days after service by mail, whichever is earlier, unless otherwise order by the Court.

25    [2] After, and in addition to, his request for review of the Hearing Department's Decision of

26  October 14, 2004, Khanna filed a petition for interlocutory review of various matters in the Review Department and also requested a new trial. This petition was denied by the Review Department on

27  September 16, 2005. **See State Bar Defendants' Request for Judicial Notice, Exhibit E**.  Khanna also moved the Review Department to retransfer him to active status, which motion was denied by the

28  Review Department on November 29, 2005. **See State Bar Defendants' Request for Judicial Notice, Exhibit F**.

1  process violations related to allegations of destruction of evidence in connection with testimony

2   erased from the audio recording of the proceedings, perjury, unconstitutional delay, denial of a right

3  to counsel, and insufficient notice of the charges.  In addition to compensatory damages in the

4  amount of two million dollars and punitive damages in the amount of eight million dollars, Khanna

5  also seeks by way of a injunctive relief to " issue an Order directing the California Supreme Court to

6  reinstate plaintiff as an active and honorable member of the State Bar of California till [sic] this case

7  is decided."  Plaintiff's Complaint, p. 34:2-5.

## III. ARGUMENT

**A.**     **Under FRCP Rule 12(b)(1), Khanna's Complaint Should Be Dismissed For Lack Of Subject Matter Jurisdiction**

**1.**     **The Eleventh Amendment Bar's Khanna's Suit**

a.     <u>The Eleventh Amendment Bars All Claims Against the State Bar</u>

Khanna's claims against the State Bar are absolutely barred by the Eleventh Amendment.  It

is well-settled that, in the absence of consent, a suit in federal court against a state or one of its

agencies or departments is proscribed by the Eleventh Amendment.  <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984).[3]  The State Bar

of California is an 'arm of the State' for the purposes of Eleventh Amendment immunity.  <u>Hirsh,</u> 67

F.3d at 715 ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from

state agencies such as California's Bar Association and Bar Court."); <u>see also</u> <u>Lupert v. California</u>

<u>State Bar</u>, 761 F.2d 1325, 1327 (9th Cir. 1985), <u>cert. denied</u>, 474 U.S. 916, 106 S.Ct. 241, 88

L.Ed.2d 251 (1985).

This jurisdictional bar applies regardless of the nature of the relief sought.  <u>Pennhurst,</u> 465

U.S. at 100-01; <u>see also</u> <u>Missouri v. Fiske</u>, 290 U.S. 18, 27, 54 S.Ct. 18, 21, 78 L.Ed. 145 (1933)

("Expressly applying to suits in equity as well as at law, the [Eleventh] Amendment necessarily

embraces demands for the enforcement of equitable rights and the prosecution of equitable remedies

-----

[1]Although Congress may abrogate the states' immunity, in Section 1981, 1983, and 1985 actions the states' immunity has not been abrogated.  <u>Boykin v. Bloomsburg Univ. of Penn.</u>, 893 F.Supp. 378, 394 (1995).

-----

1  when these are asserted and prosecuted by an individual against a State"). And it applies to pendent

2  or supplemental state law claims as well. Pennhurst, 465 U.S. at 120-121 (pendent jurisdiction does

3  not permit evasion of the immunity guaranteed by the Eleventh Amendment). Accordingly, the

4  Eleventh Amendment bars all claims against the State Bar. Since Khanna fails to state facts

5  sufficient to invoke the Court's subject matter jurisdiction, his complaint should be dismissed in its

6  entirety. Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (defense of Eleventh Amendment is a

7  jurisdictional bar); Seaborn v. State of Florida, Dept. of Corrections, 143 F.3d 1405, 1407 (11th Cir.

8  1998).

9             b.      The Eleventh Amendment Bars Khanna's Claims Against the Individually
Named State Bar Defendants Acting in Their Official Capacities

10

11  The Eleventh Amendment also bars the federal claims for damages against the named State

12  Bar officials. The grant of sovereign immunity bars a federal action for damages, or other

13  retroactive relief, against a state official acting in his or her official capacity. Edelman v. Jordan,

14  415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Hafer v. Melo, 502 U.S. 21, 24-25, 112

15  S.Ct. 358, 361-62, 116 L.Ed.2d 301 (1991) (holding that a defendant official acting in his official

16  capacity receives the same immunity as the government agency to which he belongs); Pena v.

17  Gardner, 976 F.2d at 472 (same). However, the Eleventh Amendment does not bar a request for

18  prospective injunctive relief against a state official in his or her official capacity in order to end a

19  continuing violation of federal law. Pena, 976 F.2d at 472 n.5, Edelman, 415 U.S. at 664. Khanna

20  does not request prospective injunctive relief. The nature of his injunctive relief is retroactive, i.e. he

21  requests that the court reinstate his Bar membership. Accordingly, Khanna's request for monetary

22  damages and retroactive relief against the individually named State Bar defendants in their official

23  capacities is barred by the Eleventh Amendment.

24      **2.**     **Plaintiff's Claims Related to His Disciplinary Proceeding Are Jurisdictionally
Barred under the Rooker-Feldman Doctrine**

25

26        a.      Under Rooker-Feldman, Federal Courts Lack Subject-Matter Jurisdiction
Over Challenges to State Court Orders

27  In establishing a system of Article III courts, Congress vested the authority to review

28  decisions of the state courts with the United States Supreme Court, not with the lower federal courts.

1   28 U.S.C. §§ 1257, 1291, 1331.  This jurisdictional limitation on the federal court's power is known

2   as the Rooker-Feldman doctrine, named after Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct.

3   149, 68 L.Ed. 362 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103

4   S.Ct. 1303, 75 L.Ed.2d 206 (1983).

5           b.      Rooker-Feldman Applies to Attorney Regulatory Matters

6           It is firmly established that issues concerning attorney admission and discipline fall squarely

7   within the Rooker-Feldman doctrine.  See MacKay v. Nesbett, 412 F.2d 846 (9th Cir. 1969) ("orders

8   of a state court relating to admission, discipline, and disbarment of members of its bar may be

9   reviewed only by the Supreme Court of the United States on certiorari to state court, and not by

10  means of an original action in a lower federal court."); Craig v. State Bar of California, 141 F.3d

11  1353 (9th Cir. 1998) ("Orders of a state court relating to the admission of an individual to the state

12  bar may be reviewed only by the Untied States Supreme Court on writ of certiorari to the state court,

13  and not by means of any original action in a lower federal court.").

14          Feldman itself dealt with an attorney regulatory matter.  In Feldman, Marc Feldman was

15  denied permission to sit for the District of Columbia bar examination because he did not attend law

16  school as required by a rule of the District of Columbia Bar.  Feldman, 460 U.S. at 465-66.  Feldman

17  argued that the denial of his petition to take the bar exam violated the Fifth Amendment and federal

18  antitrust laws, and sought an injunction either admitting him to the bar or permitting him to take the

19  exam.  Id. at 468-69.  A companion case alleged the same claim on behalf of another applicant.  Id.

20  at 470-73.

21          In analyzing these claims, the Supreme Court first determined that bar admission decisions

22  were judicial in nature, analogizing them to the bar disciplinary proceedings found to be judicial in

23  Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 102 S.Ct. 2515, 73

24  L.Ed.2d 116 (1982).  Feldman, 460 U.S. at  418-82.  Next, the Supreme Court distinguished between

25  two types of claims: (1) a challenge to denial of the plaintiffs' application to practice law, which is

26  not within the district court's jurisdiction, and (2) a general challenge to the constitutionality of a bar

27  rule. As the Court explained:

28                  United States District Courts ... have subject matter jurisdiction over general

1
2
3
4

> challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final state court judgment in a particular case. They do not have jurisdiction, however, over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme Court].

5   Feldman, 460 U.S. at 485.

6          Recognizing that litigants may attempt to get around Rooker-Feldman by disguising specific

7   challenges to decisions in their cases as "general" challenges, the Court held that "[if] claims raised

8   in the federal action are 'inextricably intertwined' with the state court's decision such that

9   adjudication of the federal claims would undercut the state ruling or require the district court to

10  interpret the application of state laws or procedural rules, then the federal complaint must be

11  dismissed for lack of subject matter jurisdiction." Id. at 486-87.

12         The core principles of Rooker-Feldman were recently re-affirmed by both the Ninth Circuit,

13  see Mothershed v. Justices of Supreme Court, 410 F.3d 602 (9th Cir. 2005), and the United States

14  Supreme Court. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 125 S.Ct.

15  1517, 161 L.Ed.2d 454 (2005).

16         In Mothershed, a disciplined attorney brought suit against the Oklahoma Supreme Court, the

17  State Bar, and various named individuals challenging the validity of his state bar disciplinary

18  proceedings.   Specifically, he alleged that the Oklahoma defendants denied him due process and

19  committed various state law torts because the Oklahoma bar disciplinary panel did not hold its

20  hearing within the time frame required by the State Bar Rules.  The District Court dismissed the

21  action on Rooker-Feldman grounds and the Ninth Circuit affirmed:

22
> Because Mothershed does not contend that Rule 6.7 is systematically disregarded in all attorney disciplinary proceedings or that the rule is itself facially invalid, he is not
23
> asserting a "general challenge[ ] to [a] state bar rule [ ]." Feldman, 460 U.S. at 486, 103 S.Ct. 1303. Rather, Mothershed is alleging that the Oklahoma defendants failed
24
> to apply Rule 6.7 during his own state bar disciplinary hearing, which constitutes a "challenge[ ] to [a] state-court decision[ ] in [a] particular case [ ]." Id. Under the
25
> Rooker-Feldman doctrine, the district court lacked subject matter jurisdiction to review Mothershed's Oklahoma disciplinary proceedings, and we therefore affirm the
26
> dismissal of the Oklahoma defendants.

27  Mothershed, 410 F.3d at 607.

28         Similarly, in Exxon Mobil Corp., the United States Supreme Court reaffirmed the doctrine of

1  Rooker-Feldman:  "[Where] federal complaints ... essentially invite[] federal courts of first instance

2  to review and reverse unfavorable state-court judgments... such suits [are] out of bounds, i.e.,

3  properly dismissed for want of subject-matter jurisdiction."  Exxon Mobil Corp., 544 U.S. at 283-84.

4  Although the Supreme Court resisted efforts to expand the doctrine beyond its historical boundaries,

5  the Court upheld the core principles and reiterated the continuing viability of the Rooker-Feldman

6  doctrine in Bar-related cases, stating that Rooker-Feldman applies to "*cases of the kind from which*

7  *the doctrine acquired its name*:  cases brought by state-court losers complaining of injuries caused

8  by state-court judgments rendered before the district court proceedings commenced and inviting

9  district

10  court review and rejection of those judgments."  Id. at 284 (emphasis added).[4]

11           c.        Rooker-Feldman Bars Khanna's Claims

12           These clear legal principles preclude Khanna's claims, which solely arise from his

13  disbarment from the practice of law and the California Supreme Court's denial of his request for

14  relief from that suspension.  First, there can be no doubt that proceedings before the State Bar courts

15  are judicial in nature.  Second, Khanna is not bringing a generalized challenge to any State Bar rule,

16  but instead challenges the application of those rules *to him.*

17                    i.        State Bar suspension proceedings are judicial

18           As discussed in detail above, the well established law demonstrates that State Bar

19  disciplinary proceedings are judicial in nature, not administrative.  Hirsh v. Justices of the State

20  Supreme Court of California, 67 F.3d at 712 (citing Middlesex, 457 U.S. at 433-34; Partington v.

21  Gedan, 880 F.2d 116, 122 (9th Cir.1989)).[5]

22                    ii.        Khanna is challenging **his** treatment, not the system generally

23           As referenced above, Rooker-Feldman does not prohibit a general constitutional challenge to

24

25           [4]As discussed, Rooker-Feldman derived its name in part from the Feldman case, which involved
26  the decision of a state supreme court in an attorney regulatory matter.

27           [5]Under Hirsh, *if* the disciplinary proceedings against Plaintiff were still pending and had not
   concluded yet with a final order of his disbarment by the California Supreme Court, the Younger
28  abstention doctrine would require this court to abstain from exercising subject matter jurisdiction.  67
   F.3d 712-15.

a State Bar rule of general applicability. <u>Feldman</u>, 460 U.S. at 483. However, Khanna's Complaint

challenges *his* treatment during the State Bar proceedings. Complaint, pp. 12-15. Indeed, his

complaint is a blatant attempt to relitigate the underlying disciplinary proceeding in federal court

and constitutes a textbook individualized challenge to the California Supreme Court's decision.

In <u>Noel v. Hall</u>, 341 F.3d 1148 (9th Cir. 2003), the Court explained the distinction between

"as applied" and "facial" challenges. Facial challenges are permitted because they do not involve

application of the rule to any particular person. As applied challenges, however, are outside the

district court's jurisdiction because they are necessarily "inextricably intertwined" with the

correctness of the underlying decision itself. <u>Id.</u> at 1157. The Court further expounded:

> So understood, the operation and purpose of the 'inextricably intertwined' test in <u>Feldman</u> is fairly clear. A federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

<u>Id.</u> at 1158. <u>Noel</u> also noted that "[c]ases involving bar admission rules ... litigation and attorney

disciplinary rules" fall into the category of cases where the "'inextricably intertwined' test of

<u>Feldman</u> is likely to apply...", even if the challenge purports to address issues other than the

underlying judgment itself. <u>Id.</u> at 1158.

As plainly stated in his Complaint, Khanna is challenging *his* attorney discipline, which he

alleges involved numerous errors. Complaint, pp. 25-30. In addition, he requests review of section

6007, subdivision (c), California Business and Professions Code, and rule 220, subdivision (c),

Rules of Procedure of the State Bar of California, to determine whether these statutes are "valid and

constitutional". Complaint, p. 4:12-14. This request is made in the context of a voluminous

complaint that alleges in painstaking detail all the errors he believes occurred in his trial. In this

context, Khanna is in no way challenging a rule or policy of general applicability. Instead, Khanna

is clearly attempting to bring a de facto appeal, challenging the Supreme Court's denial of his

petition for review regarding relief from his disbarment. Indeed, he specifically requests the

following relief:

Plaintiff requests this Court to issue an Order directing the California Supreme Court

to reinstate plaintiff as an active and honorable member of the State Bar of California till [sic] this case is decided.

This is exactly the type of "as applied" challenge that <u>Feldman</u> held could not be brought in federal district court. <u>Feldman</u>, 460 U.S. at 482-83; <u>see also</u> <u>Mothershed</u>, 410 F.3d at 607; <u>Rosenthal</u>, 910 F.2d at 566.

**B.      Under FRCP Rule 12(b)(6), Khanna's Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted**

**1.      Legal Standard for Motion to Dismiss**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims asserted in a complaint. <u>Cahill v. Liberty Mutual Ins. Co.</u>, 80 F.3d 336, 337 (9th Cir. 1996). Dismissal of an action pursuant to Rule 12(b)(6) is appropriate where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th Cir. 1991) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A motion to dismiss may also be granted on the basis of statutory or common law immunity. <u>Peterson v. Jensen</u>, 371 F.3d 1199, 1201-02 (10th Cir. 2004); <u>Chappell v. Robbins</u>, 73 F.3d 918, 920 (9th Cir. 1996). While the Court must assume all factual allegations to be true, it need not accept legal conclusions as true "merely because they are cast in the form of factual allegations." <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

**2.      Khanna's Claims Are Barred under Res Judicata and Collateral Estoppel Grounds**

Khanna is attempting to impermissibly re-litigate issues and claims already addressed in his state court proceedings. Under res judicata, a final judgment on the merits of an action precludes the parties or their privities from re-litigating issues that were or could have been raised in that action. <u>Allen v. McCurry</u>, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case. <u>Id.</u> As courts have often recognized, these doctrines "relieve parties of the cost and

1   vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions,

2   encourage reliance on adjudication."  Id.

3       Similarly, under California law, a party may not re-litigate issues that were or could have

4   been raised in a previous action.  Takahashi v. Board of Ed. of Livingston Union School Dist., 202

5   Cal.App.3d 1464, 1474, 1481, 249 Cal.Rptr. 578 (1988) ("If the matter was within the scope of the

6   action, related to the subject matter and relevant to the issues, so that it could have been raised, the

7   judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise

8   raised.").  Moreover, this bar applies as to subsequent actions even against persons not parties to the

9   earlier litigation.  Id. at 1477 (individually named agency employees, not party to prior

10  administrative proceeding or writ of mandamus proceeding brought against their employing agency,

11  entitled to assert res judicata in subsequent action brought against them).

12      The Full Faith and Credit statute, 28 U.S.C. section 1738, requires that federal courts give

13  state-court judgments the same preclusive effect that would be given by state courts under state law.

14  Takahashi v. Board of Trustees of Livingston, 783 F.2d 848, 850 (9th Cir. 1986) (citing Migra v.

15  Warren City School District Board of Education, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)).

16  Applying the Full Faith and Credit statute, the United States Supreme Court has held that a federal

17  court action under 42 U.S.C. section 1983 is subject to collateral estoppel by a prior state court

18  judgment.  Allen, 449 U.S. at 98; see also Takahashi, 783 F.2d at 850.  If the state court and federal

19  actions are related such that they are preclusive against each other under California collateral

20  estoppel law, then the federal court must apply collateral estoppel.  Id.

21      In determining the preclusive effect of a judgment, California employs the "primary rights

22  theory."  Id. at 851.  Under the "primary rights theory," a prior judgment on the same primary right

23  as that alleged in a subsequent action bars the subsequent action.  Id. at 851-52.   In determining the

24  primary right, the significant factor is the harm suffered.  Takahashi, 202 Cal.App.3d at 1474.

25  Under the primary rights theory:

26      'The key issue is whether the same cause of action is involved in both suits.
        California law approaches the issue by focusing on the "primary right" at stake: if two
27      actions involve the same injury to the plaintiff and the same wrong by the defendant
        then the same primary right is at stake even if in the second suit the plaintiff pleads
28      different theories of recovery, seeks different forms of relief and/or adds new facts

supporting recovery.'" [citations] [emphasis added].

Henry v. Clifford, 32 Cal.App.4th 315, 321, 38 Cal.Rptr.2d 116 (1995) (quoting Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1174-75, 197 Cal.Rptr. 612 (1983)). Thus, a prior judgment on the same primary right will have preclusive effect on a subsequent action.

Here, Khanna already petitioned the California Supreme Court for review of his disciplinary suspension. In his petition, Khanna had the opportunity to raise civil rights challenges (see In re Rose, 22 Cal. 4th at 447 (the California Supreme Court is an adequate forum for safeguarding federal constitutional rights)), and in fact Khanna did raise due process claims of prosecutorial misconduct, perjury, witness tampering, adequacy of counsel, delay and other allegations – claims that are virtually identical to those presented in the instant federal court action. **See State Bar Defendants' Request for Judicial Notice, Exhibit H**. The California Supreme Court rejected his claims and denied the petition. **See State Bar Defendants' Request for Judicial Notice, Exhibit I**.

It is firmly established that a denial of a petition for review by the California Supreme Court in matters involving attorney admission and discipline is a final adjudication on the merits. In re Rose, 22 Cal. 4th at 446-48. This is true even when a petition is summarily denied without oral argument and a written decision. Id. at 447-48.[6] Therefore, the Supreme Court's summary denial of Khanna's petition for review constitutes a final adjudication on the merits, and the doctrines of res judicata and collateral estoppel preclude Khanna from re-litigating his claims in federal court, even against the named State Bar employees. To the extent that Khanna argues that the California Supreme Court judgment was in error, the lower federal courts do not sit as courts of appeal for California Supreme Court judgments. The proper forum for Khanna's complaint is in the United States Supreme Court. See Feldman, 460 U.S. at 482.

---

[6] The California Supreme Court had the ability to order further inquiry and investigation into Khanna's claims if it deemed appropriate. See In Re Matter of Investigation of Conduct of The Examination for Admission to The Practice of Law 1 Cal.2d 61, 63, 33 P.2d 829 (1934). There, applicants who had failed the Bar exam filed petitions for review in the Supreme Court. After reviewing the petitions, "the court deemed it proper to enter into a consideration of the situation to ascertain, if possible, why an increasingly large number of applicants were unable to pass the bar examinations. Accordingly, such an inquiry was ordered. A hearing on the formal petitions and the return of the State Bar was ordered…." Id. at 64. In Khanna's case, however, the Court obviously did not find it necessary to order further inquiry and summarily denied his petition.

### 3.     The State Bar Defendants Are Entitled to Judicial Immunity

Khanna's causes of action against the State Bar defendants are barred by judicial immunity. The federal common law doctrine of judicial immunity precludes money damages suits against state bar associations and their officers, agents and employees when such actions are based on alleged wrongdoing in the course of administering attorney disciplinary and admission functions. Hirsh, 67 F.3d at 714-15 ("State Bar Court judges and prosecutors have quasi-judicial immunity from monetary damages"); Levanti v. Tippen, 585 F.Supp. 499, 504 (S.D. Cal. 1984) (as the administrative arm of the California Supreme Court, the State Bar, and its sub-entities, are protected from liability for their official actions by the same cloak of absolute judicial immunity as worn by that tribunal. Since the State Bar functions as an arm of the California Supreme Court, it is also "...protected by the same cloak of absolute immunity worn by that tribunal"); Clark v. State of Washington, 366 F.2d 678, 681 (9th Cir. 1966) ("A prosecuting attorney, as a quasi-judicial officer, enjoys immunity from suit under the Civil Rights Act, insofar as his prosecuting functions are concerned....  As an arm of the Washington Supreme Court in connection with disciplinary proceedings, the bar Association is an "integral part of the judicial process" and is therefore entitled to the same immunity which is afforded to prosecuting attorneys in that state").

Judicial immunity is absolute; it cannot be overcome by allegations of bad faith or malice or by alleging that an act was unconstitutional. Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000).  Moreover, judicial immunity applies not only to suits for money damages, but also to suits in equity.  In 1996, Congress enacted Section 309 of the Federal Courts Improvement Act.  See Pub. L. No. 104-317, October 19, 1996, 110 Stat 3847.[7]  Section 309(c) of the Act amended 42 U.S.C section 1983 by adding the following language to the end of the first sentence: "... in any action brought against a judicial

---

[7] The legislative change was made in response to the United States Supreme Court decision in Pulliam v. Allen, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984).  Pulliam involved a section 1983 prospective injunctive relief suit against a magistrate accused of unconstitutionally imposing bail on persons arrested for non-jailable offenses and incarcerating them if they could not meet the bail amount.  The district court found the magistrate's actions unconstitutional and enjoined future conduct.  The Supreme Court affirmed, holding that judges were not immune from injunctive relief.  The Court noted that there was no indication that Congress in enacting section 1983 had intended to provide absolute judicial immunity from prospective relief.

---

1  officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be

2  granted unless a declaratory decree was violated or declaratory relief was unavailable."[8]  Thus,

3  judicial officers are now absolutely immune from injunctive relief liability for their judicial acts

4  unless declaratory relief does not remedy the challenged judicial conduct.

5          **4.      Khanna Fails to State a Claim under Section 1983 Against the State Bar**
                     **Defendants**

6

7          Khanna alleges that the State Bar defendants violated section 42 U.S.C. section 1983.

8  However, in order to establish a claim for relief under section 1983, a plaintiff must establish:  (1) a

9  deprivation of federal rights; (2) by a person acting under color of state law.  42 U.S.C. § 1983;

10  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999).

11  Khanna has failed to meet either requirement and each such failure constitutes a separate basis for

12  dismissal.

13          a.      The State Bar Defendants Are Not Persons Under Section 1983

14          The State Bar is not a "person" subject to suit under 42 U.S.C. section 1983.  Will v.

15  Michigan Dept. State Police, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989)

16  (neither states nor governmental entities that are considered "arms of the State" for Eleventh

17  Amendment purposes are "persons" subject to suit under section 1983).  Moreover, when a state

18  official is sued in his or her official capacity, that individual is not considered a "person" subject to

19  suit under section 1983.  Garcia v. Superior Court, 50 Cal.3d 728, 738-39, 268 Cal.Rptr. 779, 785

20  (1990).  As such, Khanna's section 1983 claim cannot stand against the State Bar defendants.

21          b.      Khanna Fails to Establish a Federal Deprivation

22          Khanna alleges that his due process rights were violated by delays in the trial proceedings,

23

24          [8]Section 1983 now reads in its entirety:  "Every person who, under color of any statute,
   ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects,
25  or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof
   to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall
26  be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress,
   except that in any action brought against a judicial officer for an act or omission taken in such officer's
27  judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or
   declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable
28  exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

State Bar Defs' Notice of Mot. & Mot. to Dismiss        15

1  which he alleges took over four years.  Complaint, pgs. 21:11-17.  First, it has been firmly

2  established that California's attorney discipline process provides more than constitutionally

3  sufficient procedural due process.  Rosenthal, 910 F.2d at 564-565; see also Hirsh, 67 F.3d at 713.

4  Second, Khanna does not and cannot allege that the length of the proceedings prejudiced him in any

5  way.  See Pauley v. United States, 419 F.2d 1061, 1067 (7th Cir. 1969).[9]

6          Khanna also alleges that he did not receive adequate notice of the charges against him

7  because a witness testified that he gave Khanna $31,000.00 instead of $25,000.00 as alleged in the

8  Notice of Disciplinary Charges. Complaint, p. 21:18-22:3.  But a mere deviation in the evidence

9  presented from the charges alleged does not constitute a due process violation.  See United States v.

10  Von Stoll, 726 F.2d 584, 587 (9th Cir. 1984) (A variance between the indictment and the proof does

11  not require reversal unless it affects the substantial rights of the parties or alters the crime charged);

12  United States v. Taren-Palma, 997 F.2d 525 (9th Cir. 1993).

13          Nor has Khanna stated facts sufficient to constitute a claim for conspiracy under section

14  1985(2) (Obstructing justice; intimidating, witness, or juror).  Complaint, pp. 23-24. Section 1985

15  proscribes conspiracy to interfere with civil rights.  42. U.S.C. § 1985.  A section 1985 claim must

16  allege facts to support the allegation that defendants conspired together.  Karim-Pahani v. Los

17  Angeles Police Dep't., 839 F.2d 621, 626 (9th Cir. 1988).  A mere allegation of conspiracy without

18  factual specificity is insufficient.  Id. Here, Khanna speculates that defendants Albertsen-Murray and

19  Verstegen conspired to destroy a DHL Airway bill that contained a letter from a businessman from

20  India, which he contends constituted exculpatory evidence.  He asserts that, contrary to defendant

21  Verstegen's testimony that the letter did not arrive from India, a copy of an Airway bill he obtained

22  proved otherwise.  Plaintiff surmises that this proves that the two defendants must have conspired

23  against him.  On the contrary, these conjectural allegations do not state facts sufficient to state a

24  section 1985(2) claim.  His conclusory accusations, devoid of factual specificity, cannot withstand a

25

26          [9]  Khanna was formally charged with disciplinary violations on June 25, 2003 when a seven-
27  count Notice of Disciplinary Charges (NDC) was filed against him.  **See State Bar Defendants'
   Request for Judicial Notice, Exhibit A, p. 2:2-4**. The California Supreme Court's order denying his
   petition for writ of review was filed on June 21, 2006. **See State Bar Defendants' Request for Judicial
28  Notice, Exhibit I**, slightly less than four years from the filing of the Notice of Disciplinary Charges.

1 Rule 12(b)(6) motion to dismiss.

2      Khanna also asserts that his due process rights were violated because the California Supreme

3 Court failed to grant him a hearing or a written decision before ordering his disbarment and  the

4 State Bar Court ordered his immediate enrollment as an inactive member of the Bar at the time it

5 issued its disbarment recommendation.  Neither contention has merit.  As indicated above,

6 California's disciplinary scheme satisfies due process requirements.  <u>Rosenthal</u>, 910 F.2d at 564-

7 565.  And this court has already determined that a summary denial by the California's Supreme

8 Court of a petition for review without oral argument or a written decision does not violate due

9 process.  <u>Giannini v. Real</u> 911 F.2d 354, 357 (9th Cir. 1990) (unsuccessful bar applicant was not

10 denied due process when California Supreme Court denied him admission without written opinion or

11 opportunity to be heard.  Applicant was afforded adequate due process because he was able to

12 present his claim to the California Supreme Court via a petition for review.); <u>see also</u> <u>Dash, Inc. v.</u>

13 <u>Alcoholic Beverage Control Beverage Control Appeals Bd.</u>, 683 F.2d. 1129, 1235 (9th Cir. 1982).

14      Moreover, the fact that Khanna was ordered enrolled as an inactive member of the Bar by the

15 State Bar Court before the California Supreme Court had an opportunity to review this determination

16 in no way contradicts the fact that he was afforded adequate due process.  Khanna does not contend

17 that his removal from the active roll of Bar members was accomplished inconsistent with the Bar's

18 statutory scheme.  Indeed, he was afforded a hearing before an impartial arbiter.  Due process merely

19 requires that he be granted an opportunity to be heard "at a meaningful time and in a meaningful

20 manner."  <u>Mathews v. Eldridge</u>,  424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18, 32 (1976), quoting

21 <u>Armstrong v. Manzo,</u> 380 U.S. 545, 552, 66 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). It does not require

22 that Khanna be afforded a right to a particular forum or to a particular procedure.

23      Nor did Khanna's removal from the active rolls of attorneys immediately upon his

24 disbarment recommendation violate his Equal Protection rights as alleged.  Complaint, p. 24:16-25.

25 "There is no fundamental right to practice law ... . Attorneys do not constitute a suspect class."

26 <u>Giannini v. Real</u>, 911 F.2d at 358.  Therefore, this procedure need only satisfy a rational basis

27 standard.  <u>Id</u>.  Khanna was involuntarily enrolled as an inactive member of the Bar pursuant to

28 California Business and Professions Code section 6007(c)(4) and the Rules of Procedure of the State

Bar of California rule 220(c). These regulations require that a member be immediately enrolled as an inactive member upon the filing of a disbarment recommendation. Clearly, this procedure is meant to prevent the risk of harm to the public that may occur once an attorney has been found wanting to the extent that his disbarment is in order. The possibility that such an attorney's conduct will endanger his clients or the public in this circumstance is great. In addition, the attorney has the opportunity to challenge this finding in the Review Department of the State Bar Court or by petition for review to the California Supreme Court. Indeed, Khanna petitioned the California Supreme Court to void his inactive enrollment. **See** **State Bar's Request for Judicial Notice, Exhibit H.** Accordingly, Khanna's Equal Protection assertion is baseless.

Finally, Khanna alleges that he was denied the right to counsel. Complaint, p. 30:13-33:22. The right to counsel at trial is guaranteed to criminal defendants by the Sixth Amendment as applied to the states through the Fourteenth Amendment. Evitts v. Lucey, 469 U.S. 387, 393, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). But a lawyer disciplinary proceeding is not a criminal proceeding and the normal protections afforded to a criminal defendant do not apply. Rosenthal v. Justices of Supreme Court, 910 F.2d at 564; see also Walker v. State Bar, 49 Cal.3d 1107, 1116, 264 Cal.Rptr. 825 (1989) ("fundamental fairness sufficient to meet the demands of due process has never been held to encompass the right to assistance of counsel in State Bar disciplinary proceedings, under either the United States Constitution or the California Constitution.").

### IV. CONCLUSION

For each of the foregoing reasons, State Bar defendants respectfully request that the Court grant the motion to dismiss without leave to amend. Dismissal without leave to amend is appropriate in this case as amendment would be futile. See Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003); Saul v. United States, 928 F.2d 829, 843 (9thCir. 1991) (futility justifies denial of leave to amend); see also Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1998) (amendment is futile if no set of facts can be proven under the amendment that would constitute a valid claim or defense.)

DATED: June 19 , 2007                         Respectfully Submitted,

1

MARIE M. MOFFAT
LAWRENCE C. YEE
MARK TORRES-GIL

2

3

By:_____s/Mark Torres-Gil_____
     Mark Torres-Gil

4

5

Attorneys for The State Bar of California, Hon. Patrice
McElroy, Tammy Albertsen-Murray, Alice Verstegen

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE BY MAIL

I, Joan Sundt, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On June 19, 2007, following ordinary business practice, I placed for collection for mailing at the offices of the State Bar of California, 180 Howard Street, San Francisco, California 94105, one copy of THE STATE BAR DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF fully prepaid in an envelope addressed as follows:

Padam Kumar Khanna
2600 Tenth Street
Berkeley, CA 94710

I am readily familiar with the State Bar of California's practice for collection and processing correspondence for mailing with the U.S. Postal Service and, in the ordinary course of business, the correspondence would be deposited with the U.S. postal mail service on the day on which it is collected at the business.

On this same day I also served the above document via electronic mail as follows:

pkhanna@pacbell.net

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California this 19th day of June, 2007.


s/Joan Sundt