MARIE M. MOFFAT, State Bar No. 62167
LAWRENCE C. YEE, State Bar No. 84208
MARK TORRES-GIL, State Bar No. 91597
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105
Telephone: (415) 538-2339
Facsimile: (415) 538-2321

Counsel for The State Bar of California,
Hon. Patrice McElroy, Tammy Albertsen-Murray, Alice Verstegen

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PADAM KUMAR KHANNA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE STATE BAR OF CALIFORNIA, et ) <br> al. ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | Case No. C07-02587-EMC <br><br> THE STATE BAR DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT <br><br> DATE: August 1, 2007 <br> TIME: 10:30 a.m. <br> PLACE: Courtroom C <br> Hon. Edward M. Chen |

**DEFENDANTS** State Bar of California, Patricia McElroy, Judge of the State Bar Court of California, Tammy Albertsen-Murray, Deputy Trial Counsel, Office of the Chief Trial Counsel of the State Bar of California, Alice Verstegen, Investigator for the Chief Trial Counsel's Office of The State Bar of California, Collectively "State Bar Defendants" hereby submit this reply brief in response to Plaintiff's opposition to their Motion to Dismiss Plaintiff's Complaint.

## I. INTRODUCTION

Plaintiff Khanna has presented no compelling argument to overcome the State Bar Defendants' sovereign immunity from suit under the Eleventh Amendment. His reliance on Keller v. State Bar of California, 496 U.S. 1 (1990) has no bearing on the State Bar's immunity. State Bar Defendants' immunity from suit under the Eleventh Amendment has not been abrogated nor has the State Bar consented to suit. In addition, there is no ill will or malice exception to the Eleventh Amendment as alleged by Khanna. Therefore, there is no basis for this lawsuit.

Moreover, Khanna's opposition does nothing to change the conclusion that he is making an individualized "as-applied" challenge of a final order of the California Supreme Court. Thus, this court is without subject matter jurisdiction to entertain his action under the Rooker-Feldman doctrine. Khanna's interest herein is clear, he wishes to reverse the California Supreme Court's order of disbarment. This interest is made apparent by his numerous allegations of fault in connection with the underlying disciplinary proceedings and his request for equitable relief asking that this Court order the California Supreme Court to reinstate him. This case represents in classic fashion, the type of "as-applied" challenge that cannot be brought as an original action in federal district court. Nor is he entitled to a hearing simply because he has uncovered "new" evidence. The principles of res judicata and collateral estoppel prevent the relitigation of issues that could have been raised or argued in a previous action. To the extent Khanna has uncovered "new" evidence, his recourse is in the California Supreme Court or in the U.S. Supreme Court, but not here. In addition, the State Bar Defendants are firmly entitled to judicial immunity and Khanna has presented no compelling argument to the contrary.

Khanna has alleged no deprivation of any federal rights and he fails to state any plausible claim for relief.  Although Khanna attempt's to cloak them in a § 1983 action, his complaint is devoid

of any factual basis. Accordingly, the Court should grant the State Bar Defendants' motion to dismiss without leave to amend.

## II. ARGUMENT

**A.     The Eleventh Amendment Bars Khanna's Suit Against The State Bar.**

Khanna cannot rely on Keller v. State Bar of California, 496 U.S. 1 (1990) to bypass the State Bar's Eleventh Amendment Immunity. Keller bears no relation to the facts in this case. In Keller, the US Supreme Court analogized the State Bar to a labor union for the purposes of a First Amendment analysis with regard to the State Bar's use of union dues. This "substantial analogy" was limited to determining whether governmental speech doctrine applied to the State Bar's expenditure of membership fees. Keller, 496 U.S. at 10-12.[1] In Rosenthal v. Justices of Supreme Court of California, 910 F.2d 561, 566 (9th Cir. 1990), the Ninth Circuit reaffirmed the State Bar's status as an arm of the California Supreme Court, notwithstanding the analogy in Keller. Because it is an instrumentality of the State, "the Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court." Hirsh v. Justices of the Supreme Court of California et al., 67 F.3d 708, 713 (9th Cir. 1995), cert denied.

There is no "malice" or "ill will" exception to Eleventh Amendment immunity, as Khanna alleges in his opposition. Opp. at Page 6, lines 17-18. Scheuer v. Rhodes 416 U.S. 232, 237 (1974)[2] merely reiterated the Ex Parte Young exception to Eleventh Amendment Immunity for damages claims against individual state officials sued in their personal capacity. Sovereign immunity remains a bar to his action against the State Bar and against individual officials in their official capacity.

---

[1] The Supreme Court's review in Keller arose from an action filed in state court. See 496 U.S. at 4. Thus the issue of Eleventh Amendment immunity was not present in Keller. Indeed, the Eleventh Amendment remains a bar to actions against state bars in federal courts under Keller. Thiel v. State Bar of Wisconsin, 94 F.3d 399, 400-401 (7th Cir. 1996); Kaimwoitz v. Florida Bar, 996 F.2d 1151, 1155 (11th Cir. 1993).

[2] Overruled on other grounds by Davis v. Scherer 468 U.S. 183 (1984) (foregoing the "totality of the circumstances" test to determine an official's qualified immunity in lieu of evaluating objective reasonableness of the defendant official's conduct in light of the governing law).

State Bar Defs' Reply Brief on Mot. to Dismiss     2            C07-025787 EMC ADR

B. **Rooker-Feldman Bars Khanna's Complaint Because Khanna Seeks To Overturn The California Supreme Court's Decision Regarding His Individual Disbarment.**

Though Khanna ostensibly alleges a facial challenge to the State Bar Court proceedings, the facial character of his arguments does not change the result.  Khanna challenges *his* treatment during the State Bar proceedings. Specifically, he contests the ruling that State Bar Court Judge McElroy made that led to his disbarment.  He renews his objections to her evidentiary findings that Baljit and Jagjit Randhawa, despite inconsistencies in their testimony, were *still* more credible witnesses than was Khanna.  See e.g., Complaint at ¶ 8 ["[Baljit and Jagjit] testified under penalty of perjury that they were never contacted by [Amerindia Foods Limited ("AFL")] or its officers…no other proof whatsoever was offered.  The judge regarded the testimony of Jagjit and Baljit as credible." Khanna challenges Judge McElroy's rulings during the second cross-examination of Jagjit Randhawa: "every step of the way, the judge sustains prosecutor's objections and denied the opportunity to plaintiff to cross –examine Jagjit." (Complaint at ¶ 54) This is the kind of facial challenge that Rooker-Feldman prohibits: "[U.S. District Courts] do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 485 (1983). Because Khanna makes these challenges to his individual situation, the Court should dismiss for want of subject matter jurisdiction.  Id.

To the extent that Khanna makes a general challenge to the State Bar court proceedings, that challenge is an attempt to obtain retrospective relief for his individual case.  As such, Khanna does not state a claim for relief.   The Ninth Circuit anticipated the applicability of Rooker-Feldman to cases just like Khanna's: Cases involving bar admission rules ... litigation and attorney disciplinary rules" fall into the category of cases where the "'inextricably intertwined' test of Feldman is likely to apply..." even if the challenge purports to address issues other than the underlying judgment itself. Noel v. Hall, 31 F.3d 1148, at 1158 (9th Cir. 2003). For example, in his "First Cause of Action, Violation of Fifth Amendment – A Fair Trial" Khanna asks this Court to address the constitutionality of the State Bar

State Bar Defs' Reply Brief on Mot. to Dismiss     3     C07-025787 EMC ADR

Court's use of the electronic recording devices. [Complaint at ¶55.] This question is part and parcel of Khanna's dissatisfaction with the State Bar Review court's remedy for the inaudible portion of Khanna's trial.[3] As such, Khanna's purported facial challenge is nothing more than an ill-disguised individualized "as-applied" challenge and, accordingly, should be dismissed under Rooker-Feldman.

The other general challenges that Khanna alleges: the constitutionality of the State Bar Court's disciplinary proceedings; immediate involuntary inactive status under California Business and Professions Code 6007, subdivision (c); and the California Supreme Court adoption's of the State Bar Court's decision without oral argument or a separate written opinion, fail to state a valid claim[4] and have already been decided: <u>Giannini v. Real</u> 911 F.2d 354, 357 (9th Cir. 1990) (rejecting as lacking any merit plaintiff's claim that his right of due process was violated because the California Supreme Court decision denying his admission did not include a written opinion); <u>In re Rose</u>, 22 Cal.4th 430, 439 (2000); <u>Conway v. State Bar of California</u>, 47 Cal.3d 1107, 1123, 255 Cal.Rptr. 390, 767 P.2d 657 (1989) (finding "no denial of due process in the rules governing proceedings for the involuntary inactive enrollment of attorneys under the provisions of section 6007, subdivision (c), either on their face or as applied"); and <u>Konigsberg v. State Bar of California</u>, 353 U.S. 252, 254-58, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957).

C. **Res Judicata And Collateral Estoppel Bar Khanna's Claims Because He Alleges The Same Wrong And Injury He Alleged In State Court: His Allegedly Improper Disbarrment.**

Res Judicata and Collateral Estoppel prevent Khanna from relitigating the same wrong he alleged in his petition for review to the State Supreme Court. Khanna revisits factual issues that were the basis of his disbarment and recharacterizes as "new" evidence matters rejected by the hearing judge. Khanna asks this Court to reopen the factual issue of the legitimacy of Amerindia Foods and what Jagjit Randhawa's knowledge of and relationship with Amerindia Foods was: "the judge

---

[3] Khann asks this court to rule on whether "Weinstein" – a California appellate court case has been overruled [Complaint at ¶55]. Khanna is apparently referring to *Weinstein v. E.F. Hutton & Co.* (1990) 220 Cal.App. 3d 364, 269 Cal.Rptr. 443, cited in Khanna's Petition to the California Supreme Court. See State Bar Defendants' Request for Judicial Notice, Exhibit H.

[4] "It is unclear whether any of these claims state a violation of a federal, as opposed to a state, constitutional guarantee." <u>Hirsh</u>, 67 F.3d at 715 n. 4; <u>Lebbos v. State Bar</u>, 53 Cal.3d 37, 48, 278 Cal.Rptr. 845, 806 P.2d 317 (1991).

State Bar Defs' Reply Brief on Mot. to Dismiss      4      C07-025787 EMC ADR

disregarded and rejected any and all documents to show that AFL did in fact exist in India. The judge termed these documents are fake and manufactured by plaintiff and categorized the presentation as misrepresentations to the Court without giving any reason…Jagjit did receive correspondence from AFL... he was sent at least five letters and an envelope containing the stock certificate…Jagjit's testimony that Khanna misappropriated those funds for his own personal use was incorrect." Complaint at ¶10 and ¶13, respectively. Even if Khanna has now belatedly obtained additional evidence that may have been admissible --had he obtained that evidence in a timely fashion and presented that evidence at his disciplinary proceedings  -- does not grant Khanna a second bite at the apple in federal court. Because Khanna's complaint alleges the same primary wrong and injury alleged in his Petition for Review by the State Supreme Court, then the federal court must apply res judicata and collateral estoppel to bar those claims and dismiss them for want of subject matter jurisdictions. <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980).

### D. **The State Bar Defendants Are Entitled To Judicial Immunity Because Khanna Seeks Monetary Damages For Actions Taken In The Course Of Their Official Capacities.**

Khanna asserts that his disbarment entitles him to compensatory and punitive damages. Complaint at ¶¶ 95 and 96. Judicial immunity, however, precludes money damages suits against state bar associations and their officers, agents and employees when such actions are based on alleged wrongdoing in the course of administering attorney disciplinary and admission functions. <u>Hirsh</u>, 67 F.3d at 714-15 ("State Bar Court judges and prosecutors have quasi-judicial immunity from monetary damages"). That Khanna has raised due process claims of prosecutorial misconduct, perjury, witness tampering, adequacy of counsel, delay and other allegations does not preclude judicial immunity. <u>Mireles v. Waco</u>, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1012 (9th Cir. 2000) (finding judicial immunity absolute against allegations of bad faith or malice or by alleging that an act was unconstitutional.).

Nor has Khanna put forth a basis for abrogation of that Deputy Trial Counsel Abertsen-Murray's "prosecutorial immunity." As the Court held in <u>Hirsh</u>, State Bar prosecutors are protected by absolute <u>judicial</u> immunity, not prosecutorial immunity. 67 F.3d at 715. California's statutory scheme

for attorney discipline provide for administrative proceedings in which the "the State Bar has both investigative and adjudicative functions." Id. at 714.  "Administrative law judges and agency prosecuting attorneys are entitled to quasi-judicial immunity so long as they perform functions similar to judges and prosecutors in a setting like that of a court." Id. at 715. [5]

### E. Khanna Fails To State A Claim Under Section 1983 Because He Has Not Alleged Any Factual Scenario Of A Conspiracy Nor Do His Factual Allegations Demonstrate A Deprivation Of Federal Rights.

Khanna's complaint does not allege sufficient factual matter from which a section 1985 conspiracy to deprive him of his federal rights can be inferred.  In the recent case of Bell Atlantic Corporation et al. v. Twombly __ U.S.__, 127 S.Ct. 1955, __L.Ed.2d__ (2007), the Supreme Court set forth a "plausibility" standard for assessing the adequacy of pleadings, meaning that a plaintiff is required to plead enough facts to state a claim to relief that is plausible on its facts." Id. at 1974.  The Court overruled the standard in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 2 L.Ed.2d 80 (1957) that precluded a successful Rule 12(b)(6) motion unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 1969.  The Court justified a need for a "plausibility" standard in order to rely less on "careful case management" to eliminate claims "just shy of a plausible entitlement to relief." Id. at 1967.  Here, Khanna has not alleged a factual or plausible scenario that Judge McElroy destroyed evidence: the fact that testimony was not properly recorded does not preclude a faulty recording.  Khanna's allegation that the Randhawas knew that Amerindia Foods existed and that Jagjit had a relationship with the company does not mean that deputy Trial Counsel Albertsen Murray and Investigator Verstegen knew about those facts or actively tried to conceal them. There must be a factual enhancement from the factually neutral to the factually suggestive …in order to cross the line from possibility to plausibility of

---

[5] In Chronicle Publishing Company v. Superior Court 54 Cal.2d 548, 563-568, 572-574 (1960), the California Supreme Court drew a parallel between grand jury proceedings and State Bar acting as 'an arm of the court, for the purposes of taking evidence and making its recommendations,' and performing a judicial function," and applied that analogy to preliminary investigations that occurred prior to grand jury proceedings.  Deputy Trial Counsel Albertsen-Murray and Investigator Verstegen would also be entitled to prosecutorial immunity. Herb Hallman Chevrolet, Inc. v. Nash-Holmes, 169 F.3d 636 (9th Cir. 1999) (finding prosecutorial immunity applicable to the defendant prosecutors' conduct in grand jury proceedings, including completing most of the necessary investigation, interviewing almost every witness and compiling every exhibit **before** the grand jury was impaneled.)

State Bar Defs' Reply Brief on Mot. to Dismiss      6                    C07-025787 EMC ADR

entitlement to relief. Bell Atlantic. at 1966, fn 5. Because Khanna's complaint lacks this factual suggestive enhancement, it falls far short of Bell Atlantic's suggested new and heightened standard of pleading requiring a "plain statement" (FRCP 8(a)(2) with "enough heft" to show entitlement to relief. Id. at 1966.

Khanna's remaining claims of deprivation of federal rights: delay, equal protection, right to counsel, and due process are all baseless. Rosenthal, 910 F.2d at 564-565(California's attorney discipline process provides constitutionally sufficient procedural due process); Hirsh, 67 F.3d at 713 (holding "[t]here is no fundamental right to practice law.... Attorneys do not constitute a suspect class"); Giannini v. Real, 911 F.2d at 358 (no right to counsel at a lawyer disciplinary hearing); Walker v. State Bar, 49 Cal.3d 1107, 1116, 264 Cal.Rptr. 825 (1989) ("fundamental fairness sufficient to meet the demands of due process has never been held to encompass the right to assistance of counsel in State Bar disciplinary proceedings, under either the United States Constitution or the California Constitution."); United States v. Von Stoll, 726 F.2d 584, 587 (9th Cir. 1984) (variance between the indictment and the proof does not require reversal unless it affects the substantial rights of the parties or alters the crime charged); United States v. Taren-Palma, 997 F.2d 525 (9th Cir. 1993).

## IV. CONCLUSION

If Plaintiff wishes to challenge the California Supreme Court's decision to disbar him, he must use the appropriate avenue of review: either go back to the California Supreme Court or seek review in the United States Supreme Court. See MacKay v. Nesbett, 412 F.2d 846 (9th Cir. 1969) (holding that orders of a state court relating to admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to state court, and not by means of an original action in a lower federal court."); See also Craig v. State Bar of California, 141 F.3d 1353 (9th Cir. 1998) ("Orders of a state court relating to the admission of an individual to the state bar may be reviewed only by the United States Supreme Court on writ of certiorari to the state court, and not by means of any original action in a lower federal court."). Dismissal without leave to amend is appropriate in this case as amendment would be futile. See Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003); Saul v. United States, 928 F.2d 829, 843 (9thCir. 1991) (futility justifies denial of

leave to amend); see also <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1998) (amendment is futile if no set of facts can be proven under the amendment that would constitute a valid claim or defense.)

DATED: July 18, 2007             Respectfully submitted,

                                     MARIE M. MOFFAT
                                     LAWRENCE C. YEE
                                     MARK TORRES-GIL

                                     By:     s/Mark Torres-Gil
                                           Mark Torres-Gil

                                     Attorneys for The State Bar of California, Hon. Patrice McElroy, Tammy Albertsen-Murray, Alice Verstegen

PROOF OF SERVICE BY MAIL AND EMAIL

I, Joan Sundt, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On July 18, 2007, following ordinary business practice, I placed for collection for mailing at the offices of the State Bar of California, 180 Howard Street, San Francisco, California 94105, one copy of THE STATE BAR DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT SUPPORT THEREOF fully prepaid in an envelope addressed as follows:

Padam Kumar Khanna
2600 Tenth Street
Berkeley, CA 94710

I am readily familiar with the State Bar of California's practice for collection and processing correspondence for mailing with the U.S. Postal Service and, in the ordinary course of business, the correspondence would be deposited with the U.S. postal mail service on the day on which it is collected at the business.

On this same day I also served the above document via electronic mail as follows:

pkhanna@pacbell.net

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California this 18th day of July 2007.

                                                s/Joan Sundt