United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PADAM KUMAR KHANNA, | No. C-07-2587 EMC |
| Plaintiff, | |
| v. | **ORDER SEVERING PLAINTIFF'S CLAIMS AGAINST DEFENDANTS JAGJIT SINGH RANDHAWA AND BALJIT RANDHAWA** |
| THE STATE BAR OF CALIFORNIA, *et al.*, | |
| Defendants. | |
| _____/ | |

Plaintiff Padam Kumar Khanna practiced law in California from 1979 to 2004. Defendants are the State Bar of California, Patrice McElroy (State Bar Court Judge), Tammy Albertsen-Murray (Deputy Trial Counsel for the State Bar of California), Alice Verstgen (Investigator for the State Bar of California), and Jagjit and Baljit Randhawa (husband and wife, former clients of Mr. Khanna). Mr. Khanna was disbarred following a finding that he was culpable for five acts of misconduct alleged by Mr. and Mrs. Randhawa. Mr. Khanna subsequently sued all Defendants. The complaint alleges six causes of action against Defendants, only one of which pertains to the Randhawas. All Defendants have now made appearances before the Court, except for the Randhawas. At a status conference held on July 23, 2007, the Court discussed with the parties (except for the Randhawas who had not made appearances) severance of the case -- more specifically, severance of the claims against Mr. and Mrs. Randhawa. Both Plaintiff and all the Defendants, except the Randhawas who have not appeared, agreed that severance of the claims against the Randhawas is appropriate. For the reasons stated below and in view of the agreement of all parties who have appeared herein, the

1  Court hereby severs the claims against Mr. and Mrs. Randhawa pursuant to Federal Rule of Civil
2  Procedure 21.

### I.  FACTUAL & PROCEDURAL BACKGROUND

In 1996 and 1997, Mr. Khanna represented the Randhawas in various criminal and civil matters. *See* Compl. ¶ 27.  In 2001, the Randhawas filed a complaint against Mr. Khanna with the State Bar of California, alleging that he stole $31,000 through a fraudulent investment scheme. *See* Compl., Attach. 2.  The Randhawas' complaint initiated the proceedings that resulted in the disbarring of Mr. Khanna.  *See* Compl. ¶¶ 29, 49-51.

On May 16, 2007, after State Bar Court Judge McElroy recommended that Mr. Khanna be disbarred, *see* Compl., Attach. 2, Mr. Khanna filed a complaint with this Court naming as Defendants the Randhawas, as well as the State Bar of California, the State Bar Court Judge, the State Bar Deputy Trial Counsel and the State Bar Investigator (collectively "State Bar Defendants"). In the complaint, Mr. Khanna alleges six causes of action arising from the State Bar disciplinary proceedings.  *See* Compl. ¶¶ 52-64 (Fifth Amendment -- fair trial), 65-69 (Fourteenth Amendment – Due Process), 70-72 (42 U.S.C. §1985(2) -- conspiracy to violate civil rights), 70-72 (Fourteenth Amendment -- Equal Protection), 75-86 (18 U.S.C. § 1621 -- perjury), 87-89 (Sixth Amendment -- Right to Counsel).  Only the fifth cause of action, *i.e.*, perjury, explicitly implicates the actions of the Randhawas.  *See id.* ¶¶ 75-86.  Mr. Khanna seeks (1) declaratory and injunctive relief reinstating him as an active member of the State Bar until this litigation concludes and directing the State Bar not to destroy certain mail and fax records, *see* Compl. ¶¶ 91-94, and (2) two million dollars in compensatory damages.  *See* Compl. ¶ 95.

The Randhawas have not filed an answer or otherwise responded to the complaint, and so Mr. Khanna moved for entry of default against them.  *See* Docket Nos. 18-19.  On July 24, 2007, default was entered against the Randhawas.  *See* Docket No. 23.  All other Defendants have responded to the complaint by filing a motion to dismiss with the Court.  *See* Def.'s Mot. Additionally, all parties, other than the Randhawas, have consented to proceeding before a magistrate judge.  *See* Docket Nos. 3-4.

## II. **DISCUSSION**

Under Federal Rule of Civil Procedure 21,

> [m]isjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by the order of the court on motion of any party or of its own initiative at any state of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21.[1] Claims or parties that are severed under Rule 21 become independent actions that result in separate judgments. *See Chrysler Credit Co. V. Country Chrysler, Inc.*, 928 F.2d 150, 1519 (10th Cir. 1991). Although neither party has moved for severance in the instant case, the Court may sever claims *sua sponte*. *See* Fed. R. Civ. Pro. 21; *see also Maddox v. County of Sacramento*, No. 06-cv-0072, 2006 U.S. Dist. LEXIS 83105, at *4 (E.D. Cal. Nov. 6, 2006) (noting that the court would decide *sua sponte* whether to sever the plaintiffs' claims under Rule 21).

"[Rule 21] authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons. . . ." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968). Claims may be severable under Rule 21 if they arise from different factual situations or pose different legal questions. *See, e.g.*, *Delce v. Amtrak and Resco Holdings, Inc.*, 180 F.R.D. 316, 319 (E.D. Tex. 1998) ("Severance is especially appropriate if trying the claims together would confuse the jury due to legal and factual differences."). Moreover, "[a] claim may be severed if it will serve the ends of justice and further the prompt and efficient disposition of litigation." *CVI/Beta Ventures v. Custom Optical Frames*, 896 F. Supp. 505, 505 (S.D. Md.) (citations omitted); *see also* 4-21 Moore's Fed. Prac. -- Civ. § 21.05 ("The trial court . . . has great discretion [under Rule 21] to restructure an action to promote the efficient administration of justice.").

In the instant case, Mr. Khanna's claim against the Randhawas are discrete and separate from his claims against the State Bar Defendants. The claim against the Randhawas is that each committed perjury during the State Bar Court hearing. *See* Compl. ¶¶ 75-81. The resolution of this

---

[1] The difference between Rule 21, which allows a court to *sever* claims, *see* Fed. R. Civ. Pro. 21, and Rule 42(b), which allows for the *separate trial* of any claim, "often is obscured in practice." 9 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 2387 (3d ed. 2007). "Separate trials usually will result in one judgment, but severed claims become entirely independent actions to be tried and judgment entered thereon independently." *Id; see also Gaffney*, 451 F.3d at 442 (noting the same).

claim does not depend on or affect the resolution of the claims against the State Bar Defendants. Although all of Mr. Khanna's claims arise from the same factual situation, the claims against the State Bar Defendants present different legal questions. For example, Mr. Khanna alleges that the State Bar hearing violated his Fifth Amendment right to a fair trial in part because the State Bar did not provide him with adequate notice of the charges he would be facing. *See* Compl. ¶¶ 63-64. Mr Khanna's allegations regarding adequacy of notice do not present any legal questions that are also raised by his allegations that the Randhawas committed perjury. In addition, the State Bar Defendants may raise Eleventh Amendment immunity issues[2] while the Randhawas may not. *See, e.g.*, *Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 715 ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court. This immunity extends to individual defendants acting in their official capacities."). Because the claim against the Randhawas is discrete and separate from the claims against the State Bar Defendants, severance of the claim against the Randhawas is appropriate. *See Maddox*, 2006 U.S. Dist. LEXIS 83105, at *5-6 (noting that a court has "broad discretion in determining whether to order severance under Rule 21").

Severance is also appropriate in the instant case because severance will further the prompt and efficient disposal of this litigation. Mr. Khanna and the State Bar Defendants have consented to proceed before a magistrate judge. *See* Docket Nos. 3-4. The Randhawas' failure to respond to the complaint is the only thing preventing this litigation from moving forward before this Court.[3]

---

[2] The Court does not at this juncture make any conclusions about the State Bar Defendants' claim that they have Eleventh Amendment immunity. The Court simply acknowledges that this legal issue is raised by Mr. Khanna's claims against the State Bar Defendants, but not the claim against the Randhawas.

[3] A district court also may order separate trials under Rule 42(b) to promote judicial economy and efficiency. *See Jinro America, Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 998 (9th Cir. 2001). However, in the instant case, efficiency would not be promoted by conducting separate trials under Rule 42(b). If the claims against the State Bar Defendants and the Randhawas were tried separately under Rule 42(b), those separate trials would result in a single judgment. *See Chrysler Credit Co. V. Country Chrysler, Inc.*, 928 F.2d 150, 1519 n.8 (10th Cir. 1991). A magistrate judge cannot enter a final judgment until all parties have consented to proceed before him or her. *See Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911 (9th Cir. 2003). Thus, if the claims were tried separately under Rule 42(b), this Court could not enter a final judgment with respect to the claims against the State Bar Defendants until consent was received from the Randhawas. Consequently, the Court concludes that severing the claim against the Randhawas under Rule 21, rather than ordering separate trials under Rule 42(b), is the

Severance of the claim against the Randhawas, therefore, would promote prompt and efficient disposal of the case. As noted above, Mr. Khanna and the State Bar Defendants agree that severance is appropriate, and the Court cannot discern any prejudice to the Randhawas resulting from severance.

### III.  CONCLUSION

Accordingly, the Court hereby orders that the claims against Defendants Jagjit Randhawa and Baljit Randhawa be severed under Federal Rule of Civil Procedure 21. That severed matter shall be related to the undersigned as the criteria of Local Rule 3-12(a) are satisfied. Should Plaintiff move for entry of default judgment, the undersigned will prepare a report and recommendation thereon and then have the case reassigned to a District Judge.

Plaintiff is directed to serve this Order on Defendants Jagjit Randhawa and Baljit Randhawa forthwith, with a Certificate of Service to be filed with the Court.

IT IS SO ORDERED.

Dated:  August 7, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge

---

appropriate course to promote efficiency.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PADAM KUMAR KHANNA, | No. C-07-2587 EMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| THE STATE BAR OF CALIFORNIA, *et al.*, | |
| Defendants. | |
| _____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Padam Kumar Khanna
Khanna & Narain
2600 10th Street
Berkeley, CA 94710-2522

Dated: August 7, 2007          RICHARD W. WIEKING, CLERK

                               By:   /s/
                                  Leni Doyle
                                  Deputy Clerk