```
MARIE M. MOFFAT, State Bar No. 62167
LAWRENCE C. YEE, State Bar No. 84208
MARK TORRES-GIL, State Bar No. 91597
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105
Telephone: 538-2339
Facsimile: (415) 538-2321
Email: ogc@calbar.ca.gov

Counsel for The State Bar of California,
Hon. Patrice McElroy, Tammy Albertsen-Murray,
Alice Verstegen
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PADAM KUMAR KHANNA,<br><br>    Plaintiff,<br>v.<br><br>THE STATE BAR OF CALIFORNIA,<br>PATRICE McELROY, TAMMY<br>ALBERTSEN-MURRY, ALICE<br>VERSTEGEN,<br><br>    Defendants. | Case No. C07-02587-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>**Courtroom C**<br>**Hon. Edward M. Chen** |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1.    Jurisdiction and Service:

A.    The State Bar Defendants' position is:

This Court lacks subject matter jurisdiction over plaintiff's claims pursuant to the Rooker-Feldman doctrine and Eleventh Amendment immunity.

B.    *Plaintiff's position is:*

*Plaintiff requests this Court to please disregard plaintiff's Prayer for Injunctive Relief in toto, wherein plaintiff requested this Court to issue an order directing the California Supreme Court to reinstate plaintiff and to prohibit the State Bar of California from destroying certain*

*mail and fax logs.* <u>*Plaintiff's Complaint For Damages, dated May 15, 2007, page 33, line 28 through page 35 line 4, paragraph 91 through 94 inclusive.*</u> *Plaintiff recognizes that this Court has no jurisdiction to order the State High Court to reinstate plaintiff and therefore plaintiff withdraws his entire Prayer for Injunctive and Declaratory Relief.*

*However, plaintiff DOES file this lawsuit in this Court for money damages for violations of his civil rights which 42 U.S.C. § 1983 authorizes. Scheuer v. Rhodes, 416 U.S. 232 (1974), Wood v. Strickland, 420 U.S. 308 (1975), Buckley v. Fitzsimmon, 509 U.S. 259 and Genzler v. Longbach, (9th Circuit) 410 F. 3d 630 confer subject matter jurisdiction on this Court.*

    A.  The parties agree that no issues exist regarding personal jurisdiction, venue, or service.

2.    <u>Facts</u>:

    A.    <u>Facts Presented by Defendants</u>:

    On June 23, 2003, the State Bar's Office of the Chief Trial Counsel initiated disciplinary proceedings against Plaintiff. A three-day trial was held on August 17-19, 2004. On October 21, 2004, the Hearing Department of the State Bar Court issued a Decision recommending plaintiff's disbarment. The Hearing Department also recommended that plaintiff be transferred to involuntary inactive enrollment status pursuant to California Business and Professions Code section 6007, subdivision (c)(4) and rule 220(c) of the Rules of Procedure of The State Bar of California.

    In November 2004, plaintiff filed a request for review of the Hearing Department's Decision in the Review Department of the State Bar Court. On June 2, 2005, the Review Department issued an order remanding the matter to the Hearing Department for the limited purpose of re-taking the testimony of a witness that was missing from the trial audio-tape. The matter was remanded because the parties were unable to stipulate as to what occurred during the missing portion of the audio-tape. The hearing to re-take the missing portion of the testimony was held on August 3, 2005. During this time, plaintiff also filed a request for interlocutory review of various matters in the Review Department and a new trial, which requests were denied by the Review Department on September 16, 2005. Plaintiff also moved the Review Department to retransfer him to active status, which motion was denied by the Review Department on November 29, 2005.

1  In December 2005, plaintiff filed a notice to withdraw his request for review in the Review Department and requested that the Review Department adopt the Hearing Department's Decision as the final decision of the State Bar Court.

In April 2006, plaintiff filed a "Petition for Writ of Review and Emergency Request for Stay of Hearing Department's State Bar Court Order of Involuntary Inactive Enrollment Dated: October 21, 2004" in the California Supreme Court. On June 21, 2006, the California Supreme Court denied plaintiff's petition.

B. *Facts Presented by Plaintiff:*

*Jagjit and Baljit Randhawa filed a complaint on November 2, 2001 with the State Bar against plaintiff alleging that they invested $25,000 in an Indian company, named Amerindia Foods Limited (AFL) through an account of plaintiff and never received the stock certificate.*

*During the investigative stages of the charges, State Bar investigator wrote three letters to the company officers in India and received a five page letter duly explaining the receipt of the moneys received and asserting that Jagjit Randhawa duly received a stock certificate for his investment. This letter was sent by DHL to the investigator at her office address and was duly signed as received by someone at the Los Angeles State Bar offices. When the investigator conferred with Deputy Trial Counsel, Tammy Albertsen-Murray (Murray) they both recognized the implication of such powerful exculpatory evidence. As the enclosed envelope containing the letter did not have any stamps or the address on the outside, (Stamps and charges and addresses were on the DHL yellow and gold container) both Murray and investigator Verstegen, criminally conspired to destroy the DHL cover envelope and fabricate an unbelievable theory that plaintiff somehow planted this exculpatory evidence at the investigator's desk and that the letter was not sent from the officers of AFL. Both Murray and Verstegen plotted to present the following facts to the judge: One, there was no AFL in existence; two, there were no AFL officers and three, plaintiff impersonated AFL officers and wrote the letters himself thus weaving a 'web of deception.' They were absolutely positive that their illegal scheme would be persuasive at the trial as they had a judge who had apparently already decided to go along with Murray.*

3

Joint Case Management Statement                                                                C07-02587-EMC

1 | *In order to make sure that she scored a conviction at any cost, Murray suborned the two*
2 | *major witnesses to commit blatant perjury by denying that they ever received any*
3 | *correspondence from AFL and by testifying falsely that the three letters written by AFL were*
4 | *never received by them through mail but hand delivered by plaintiff and that they never received*
5 | *any stock certificate showing their investment. Murray also promised Jagjit and Baljit*
6 | *Randhawa that she would get them reimbursed very quickly from the State Bar Client Security*
7 | *Fund immediately at the end of trial. They both agreed and shamelessly lied during the trial.*
8 | *During the trial, however, despite lack of court room experience and the judge's absolute*
9 | *control over the proceedings, plaintiff was able to extract very damaging testimony from Jagjit*
10 | *Randhawa about his contact with AFL and the receipt of the stock certificate from AFL.*
11 | *After the trial plaintiff was put on an inactive list and was forbidden to practice law and*
12 | *make a living by the decision of the Hearing Department judge, Pat McElroy (McElroy).*
13 | *McElroy issued a scathing decision recommending plaintiff for disbarment for' weaving a web of*
14 | *deception' in luring this couple in investing in a sham and non-existing company and faking and*
15 | *impersonating the non-existing officers of AFL and placing exculpatory evidence in the form of a*
16 | *letter supposedly written by AFL officers but in fact written by plaintiff at the desk of the*
17 | *investigator. McElroy never mentioned the damaging testimony of Jagjit during the trial in her*
18 | *decision. She simply erased one hour forty minutes of the recorded testimony from the recording*
19 | *machine which was in her exclusive control.*
20 | The principle factual issues that the parties dispute are as follows:
21 | A.      <u>The State Bar Defendants</u>:
22 | State Bar Defendants dispute all of plaintiff's allegations of wrongdoing including, but
23 | not limited to, the allegation that defendants Albertsen-Murray and Verstegen conspired to
24 | destroy allegedly exculpatory evidence in the form of a DHL waybill, manufactured evidence
25 | against him, and suborned perjury. State Bar Defendants also dispute the allegation that
26 | defendant Hearing Department Judge McElroy deliberately erased testimony from the trial
27 | audio-tape.
28 | B.      <u>Plaintiff</u>:

*New evidence has recently been discovered which was NEVER presented to the State Supreme Court. The evidence proves beyond any shadow of doubt that the conspiracy hatched by investigator Verstegen, Murray, et. al. was aided and abetted by McElroy to destroy the reputation, honor and livelihood of plaintiff.*

3.  <u>Legal Issues</u>:

   A.  <u>The State Bar Defendants' Issues</u>:

   i.  <u>Eleventh Amendment</u>: Plaintiff's claims against the State Bar are jurisdictionally barred by the Eleventh Amendment, as are all of plaintiff's money damages claims and state law claims against the individual defendants sued in their official capacities. <u>Hirsh v. Justices of the Supreme Court et al.</u>, 67 F.3d 708 (9th Cir. 1995).

   ii.  <u>Rooker-Feldman</u>: Plaintiff's suit challenges the California Supreme Court's order disbarring him from the practice of law in California. The <u>Rooker-Feldman</u> doctrine bars the Court from reviewing the California Supreme Court's determination in plaintiff's attorney disciplinary proceeding. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); <u>District of Columbia Court of Appeals, v. Feldman</u>, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed. 2d 206 (1983).

   iii  <u>Res Judicata/Collateral Estoppel/Judicial Immunity</u>: Plaiintiff's claims are also barred by the doctrines of res judicata/collateral estoppel (<u>Takahashi v. Board of Trustees of Livingston</u>, 783 F.2d 845, 850 (9th Cir.1986)) and judicial immunity. <u>Hirsh v. Justices of the Supreme Court et al.</u>, 67 F.3d 708, 714-715 (9th Cir. 1995).

   iv.  <u>Failure to State a Claim</u>: Plaintiff fails to state a claim for relief under 42 U.S.C. section 1983 because he is unable to allege a federal deprivation and because the State Bar defendants are not "persons" subject to suit under the statute.

   C.  *<u>Plaintiff's Issues</u>*:

   i.  <u>Eleventh Amendment</u>: *State Bar of <u>California</u> is NOT a 'government agency' (Keeler v. State Bar of California 496 U.S. 1 (1990)) and therefore not entitled to eleventh amendment immunity. <u>Hirsh</u> cited above by defendants was against the Justices of the Supreme Court who probably have judicial immunity. It does not overrule <u>Keeler</u>. Plaintiff requests this*

5

Joint Case Management Statement                                                                               C07-02587-EMC

*Court to rule whether a judge of the State Bar Court, who is NOT an Article VI, Section 1 judge, can claim judicial immunity when the facts clearly establish that she purposefully, deliberately, wantonly and knowingly committed a crime of obstructing justice.*

*Furthermore, given the set of facts of our case where malice, ill will and bad faith of the investigator, prosecutor and witnesses are clearly established, Eleventh Amendment immunity does not apply. See Sheuer v. Rhodes, 416 U.S. 232 (1974) and Wood v. Strickland, 420 U.S. 308 (1975). Genzler v. Longbach (9th Circuit) 410 F. 3d 630 (2005)*

ii. <u>Rooker-Feldman</u>: *Rooker-Feldman doctrine is inapplicable here. This suit neither challenges the State Supreme Court's disbarment decision nor seeks review of that decision of disbarment. This suit is a money damage lawsuit against persons responsible for violating plaintiff's civil rights*

iii <u>Res Judicata/Collateral Estoppel/Judicial Immunity</u>: *Similarly the doctrines of Res Judicata and Collateral Estoppel do NOT apply to this case. State Supreme Court was totally unaware of the existence of new evidence of prosecutor's illegal conduct, investigator's and witnesses' collaboration in devising a criminal scheme of harming and injuring plaintiff.*

iv. <u>Failure to State a Claim:</u> *Plaintiff has liberty and property rights in his License to Practice law in the State of California which are protected by the Fourteenth Amendment Due Process Clause, In re Rose, 22 Cal.4th 430 (2000). This deprivation alone among various other deprivations enumerated in the complaint satisfy the requirement of plaintiff stating a claim.*

4. <u>Motions</u>: State Bar Defendants' Motion to Dismiss will be heard on August 22, 2007. There are no other pending motions.

<u>Plaintiff's Position</u>: *Plaintiff is in the process of gathering all the certified copies of the depositions of two main witnesses, Jagjit and Baljit, transcript records of two trials and a copy of the electronic recording which shows one hour and forty minutes of malfunction and which became totally indiscernible. After gathering these official records, plaintiff will make a Motion for Judicial Notice along with the Affidavit of Baljit filed under the penalty of perjury before the Family Court of Contra Costa, California which is an official court document.*

5. <u>Amendment of Pleadings</u>:

1     A.    <u>By State Bar Defendants</u>:   None.

2     B.    *<u>Plaintiff:</u>*   *Plaintiff requests permission to amend his pleadings as more evidence is revealed.*

6.   <u>Evidence Preservation</u>:

    A.    <u>By State Bar Defendants</u>:

Records of the State Bar's disciplinary proceedings against plaintiff are retained permanently as provided under state law. Cal. Bus. & Prof. Code, § 6080. The State Bar has also given instructions to preserve electronically-stored information.

    B.    *<u>By Plaintiff</u>*:

*Plaintiff seeks an order from this Court to preserve and produce all the mail room records, where the clerk or the employee signs receipts of international courier mail at the offices of the State Bar of California Los Angeles office during the period of May 2003 through August 2004. Plaintiff also seeks an order from this Court for the State Bar of California, Los Angeles office to preserve and make available all the incoming fax records and mail during the period of May 2003 through August 2004.*

7.   <u>Disclosures</u>:

    A.    <u>By State Bar Defendants</u>:

Initial disclosures by the parties have not yet been made. State Bar Defendants contend this action is exempt from initial disclosures because it is an action requiring the Court to review the administrative record of State Bar disciplinary proceedings (Fed. R. Civ. P. (a)(1)(E)(i)) and is ancillary to proceedings of the State Bar and the California Supreme Court. (Fed. R. Civ. P. (a)(1)(E)(viii).)

    B.    *<u>By Plaintiff</u>:*   *Plaintiff requests this Court to order State Bar to produce all administrative records as these records are not ancillary to the current proceedings. Violation of constitutional rights have occurred and allegations of criminal activities have been made.*

8.   <u>Discovery</u>:

    A.    <u>By State Bar Defendants</u>:

No discovery has been initiated at this time. The scope of discovery is unclear and may be moot because the State Bar's motion to dismiss has yet to be heard and ruled upon. The parties have agreed to defer discovery until after the Court rules on State Bar Defendants' motion to dismiss.

B. *By Plaintiff*:

*Plaintiff would immediately start the discovery process as soon as the ruling on State Bar's motion is made by this Court.*

9. Class Actions:      Not applicable.

10. Related Cases:     None.

11. Relief:    Defendant's Position: Plaintiff seeks injunctive relief in the form of an Order from the Court directing the California Supreme Court to reinstate plaintiff as an active member of the bar and to prohibit The State Bar of California from destroying certain mail and fax logs. Plaintiff also seeks compensatory and punitive damages as well as reasonable attorneys' fees, costs and expenses.

*Plaintiff's Position:* *Plaintiff DOES NOT seek injunctive relief in the form of an Order from the Court directing the California Supreme Court to reinstate plaintiff as an active member of the bar and to prohibit The State Bar of California from destroying certain mail and fax logs. However, plaintiff DOES seek compensatory and punitive damages as allowed by law as well as attorneys' fees, costs and expenses.*

*Plaintiff's bases and calculation for his request for compensatory damages is as follows:*

*Loss of income for the following periods:*

*1.   November 2001 through October 2004:   $120,000 per year for three years for defending wrongful conviction suit in the State Bar Court: $120,000 X 3=$360,000*

*2.   November 2004 through June 2006: $15,000 per month for Nineteen Months for being on the inactive list by the order of the Hearing Judge. $15,000 X 19=$285,000*

*3.   July 2006 through August 2007 for being unable to make a living by the order of the Supreme Court:                            $15,000 X 13=$195,000*

*Total for ACTUAL loss of income to-date (August 2007) = $840,000\**

*\* This is an estimated account based on the current available average income of attorneys who have had over 25 years of practice. Plaintiff will also provide expert witnesses to the jury for calculation of damages.*

4.  Attorney Fees, costs and incidental expenses are estimated to be over $400,000 *for this suit which has taken such a long time in being decided.*

5.  *Plaintiff believes that the actual compensatory damages would be closer to or slightly less than two million dollars when the case is concluded.*

*Punitive Damages:*

*Juries generally award massive punitive damages in cases such as this where there is an absolute, deliberate, calculated, wanton and malevolent disregard of a human being's right to make a living tosupport his family and live a decent life. Plaintiff will request an award of four times the actual damages, an amount which plaintiff believes is very reasonable.*

12. <u>Settlement and ADR</u>:    State Bar Defendants believe there are no prospects for settlement or ADR in this case. *Plaintiff agrees.*

13. <u>Consent To Magistrate Judge For All Purposes</u>:

The parties consent to have a magistrate judge conduct all further proceedings.

14. <u>Other References</u>:    This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel for Multidistrict Litigation.

15. <u>Narrowing of Issues</u>:  The issues in this case may be narrowed following the Court's ruling in connection with State Bar Defendants' motion to dismiss. Should this case proceed to trial, the parties may be able to stipulate to many of the facts concerning the conduct of the underlying attorney disciplinary proceedings.

16. <u>Expedited Schedule</u>:

   This case is the type that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>:

State Bar Defendants' motion to dismiss is pending. Should that motion be denied, the parties propose the following dates:

Expert Witnesses:                    None

*Plaintiff's Expert Witnesses:*

*1.    Indian Legal Expert on the criminal and civil complaints filed in Indian Courts and issues of Comity and Full Faith and Credit to foreign judgments.*

*2.    Indian Legal Expert about the incorporation and existence of a duly registered company and the information available internationally about its existence.*

*3.    Indian Bank Record Expert who would testify regarding the Indian bank record receipt of receiving Jagjit's money issued in December 1996.*

*4.    Indian Legal Expert who would authenticate issuance of a stock Certificate in the name of Jagjit Singh Randhawa.*

*5.    Expert witness who would systematically calculate compensatory damages suffered by plaintiff in this six and a one half year (to date) of no income.*

Discovery Cutoff:    April 28, 2008;  Hearing on Dispositive Motions:    May 19, 2008

Pretrial Conference:    May 19, 2008: Trial:                                June 2, 2008

18.    <u>Trial</u>:

Should this case proceed to trial, State Bar Defendants' request a bench trial. Plaintiff requests a jury trial. Trial estimate is 1-2 days. *Plaintiff estimate for the jury trial is one week.*

19.    <u>Disclosure of Non-Party Interested Entities or Persons</u>:

State Bar Defendants' filed a Certification of Interested Entities or Parties on August 1, 2007. There are no non-party interested entities or persons related to this case.

Dated: August __14___, 2007

Padam Kumar Khanna, In *Pro Se*

Dated: August /4, 2007

Mark Torres-Gil

Attorney for State Bar Defendants

10

Joint Case Management Statement                                                  C07-02587-EMC

*Plaintiff's Expert Witnesses:*

*1.    Indian Legal Expert on the criminal and civil complaints filed in Indian Courts and issues of Comity and Full Faith and Credit to foreign judgments.*

*2.    Indian Legal Expert about the incorporation and existence of a duly registered company and the information available internationally about its existence.*

*3.    Indian Bank Record Expert who would testify regarding the Indian bank record receipt of receiving Jagjit's money issued in December 1996.*

*4.    Indian Legal Expert who would authenticate issuance of a stock Certificate in the name of Jagjit Singh Randhawa.*

*5.    Expert witness who would systematically calculate compensatory damages suffered by plaintiff in this six and a one half year (to date) of no income.*

Discovery Cutoff:    April 28, 2008;   Hearing on Dispositive Motions:    May 19, 2008

Pretrial Conference:    May 19, 2008:  Trial:                                    June 2, 2008

18.    <u>Trial</u>:

Should this case proceed to trial, State Bar Defendants' request a bench trial. Plaintiff requests a jury trial. Trial estimate is 1-2 days. *Plaintiff estimate for the jury trial is one week.*

19.    <u>Disclosure of Non-Party Interested Entities or Persons</u>:

State Bar Defendants' filed a Certification of Interested Entities or Parties on August 1, 2007. There are no non-party interested entities or persons related to this case.

Dated: August __14__, 2007                    _____/s/ Khanna_____

                                              Padam Kumar Khanna, In *Pro Se*

Dated: August ____, 2007                      _____

                                              Mark Torres-Gil

                                              Attorney for State Bar Defendants

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

[The Court may wish to make additional orders, such as:

    a. Referral of the parties to court or private ADR process;

    b. Schedule a further Case Management Conference;

    c. Schedule the time and content of supplemental disclosures;

    d. Specially set motions;

    e. Impose limitations on disclosure or discovery;

    f. Set time for disclosure of identity, background and opinions of experts;

    g. Set deadlines for completing fact and expert discovery;

    h. Set time for parties to meet and confer regarding pretrial submissions;

    i. Set deadline for hearing motions directed to the merits of the case;

    j. Set deadline for submission of pretrial material;

    k. Set date and time for pretrial conference;

    l. Set a date and time for trial.]

Dated: _____

_____
Hon. Edward M. Chen
United States District Magistrate Judge

PROOF OF SERVICE BY EMAIL

I, Joan Sundt, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On August 15, 2007, following ordinary business practice, I served a copy of the JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER via electronic mail as follows:

pkhanna@pacbell.net

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California this 15th day of August, 2007.

s/Joan Sundt